BUFORD & Co. v. McGETCHIE ET AL.

1. **Trial Jury**: PANEL NOT FULL: OBJECTION TO TALESMEN: HOW MADE. Where fifteen trial jurors were duly drawn for a certain term of court, but one was out of the county and not served, one had died, one had failed to report, and one was excused by the court for cause, and the sheriff, upon the order of the court, had put a bystander on the jury to serve for the term, *held* that, if the defendants were not satisfied with filling up the jury with talesmen, they should have challenged the talesmen as they were called, and thus compelled the additional drawing provided by section 232 of the Code, if that can be required; and that a challenge to the panel was properly overruled.

2. **Evidence**: MARKET VALUE OF GOODS: ACTUAL SELLING PRICE. Where defendants in an action for the price of goods claimed that the goods were not of the quality bargained for, *held* that evidence of the price for which defendants sold the goods was admissible as tending to show their real market value.

3. ————: QUALITY OF GOODS: ADMISSION BY LETTER: INSTRUCTION. In such case, where plaintiffs introduced letters from the defendants, asking for indulgence, and promising to pay every cent of the price of the goods, and there was no circumstance worthy of consideration to break the force of the letters, considered as admissions that the goods were satisfactory, it was not error for the court to instruct the jury that such letters, written before any controversy arose between the parties, were entitled to great weight in determining the actual character of the goods.

4. **Practice in Supreme Court**: QUESTION NOT RAISED BELOW. A question which might have been raised, but was not, in the trial court, and which has not been pointed out in the assignment of errors, cannot be considered in this court.

*Appeal from Kossuth District Court.*

WEDNESDAY, DECEMBER 13.

ACTION upon three promissory notes. Defense that the notes were given for plows purchased by defendants of the plaintiffs, which plows were worthless, by reason of being made of defective materials. There was a trial by jury, and verdict and judgment for the plaintiffs. Defendants appeal.

*George E. Clark*, for appellants.

*J. B. Jones* and *E. B. Soper*, for appellees.

ROTHROCK, J.—I.   When the jury was called for the trial of the case, the defendants interposed a challenge to the panel of the jury, upon the ground that there were only eleven jurors present, and the required number to complete the panel had not been drawn as provided by section 241 of the Code.

1. TRIAL jury: panel not full: objection to talesmen: how made.

There were fifteen names drawn for a trial jury for that term of the court.   Of the persons whose names were drawn, twelve appeared, and one of the twelve was excused for the term, by the court, upon sufficient cause being shown.   Of the other three, one was out of the county and not served, another failed to report for duty, and the other had died; and at the beginning of the term the sheriff, by direction of the court, put a bystander on the jury to serve for the term. Whatever duty may be imposed upon the court by section 232 of the Code, to secure the attendance of at least fifteen regularly drawn jurors, we are of the opinion the defendants did not in this case pursue the proper course to avail themselves of the objection.   They challenged the panel.   "A challenge to the panel can be founded only on a material departure from the forms prescribed by statute in respect to the drawing and return of the jury."   Code, § 2764.   If such challenge be sustained, the jury must be discharged. § 2767.   It is not claimed that there was any departure from the law in the drawing and return of the jury.   So far as the eleven regular jurors which were present were concerned, the court could not discharge them without some showing that they were illegally drawn.   If the defendants were not satisfied with the filling up the jury with talesmen, they should have challenged the talesmen as they were called, and thus compelled the additional drawing provided for by section 232 of the Code, if that can be required.

II.   One of the defendants was examined as a witness in his own behalf, and on his direct examination testified that the plows in question were of very poor quality, that they were very soft, and not extra hard as ordered, and some were not worth anything in the

2. EVIDENCE: market value of goods: actual selling price.

market; that about 18 or 19 of them were worth nothing, and the other six or seven were probably worth $5 each.

On cross-examination the witness was asked how much he received for the plows when he sold them, and the court instructed the jury that evidence as to the price for which the defendants sold the plows was proper to be considered as tending to show their real market value. The evidence was objected to, and an exception was taken to the instruction, and it is insisted that these rulings of the court are erroneous. It is claimed that the true measure of damages is the difference between the actual value of the plows and their value if they had been such as were contracted for. This is undoubtedly correct. But the method of arriving at this value is quite another thing. We think it is quite clear that the price at which an article is sold tends to show its market value.

III.   The plaintiffs introduced in evidence certain letters written by the defendants to them, in which letters the de-

3. ——: qual-
ity of goods:
admissions by
letter: in-
struction.

fendants asked for indulgence, and promised in unqualified terms to pay every cent of the debt. The court instructed the jury that the letters of the defendants in evidence are admissions of the defendants, and, being made before any controversy arose between the parties, are entitled to great weight as to what the character of the goods actually was. This instruction is assailed as erroneous, because it was the province of the jury to determine the weight to be given to the evidence. It is not improper for the court to advise the jury as to the character of the evidence introduced upon the trial. As, for instance, a jury may properly be instructed that an admission made in writing is entitled to greater weight than an oral admission sworn to by a witness.

It may be that in most cases the court should instruct the jury that it is proper for them to take into consideration all the circumstances under which the admission, whether oral or written, was made. But in this case there is no circumstance or explanation worthy of consideration in connection

with the unqualified admissions contained in the letters. We think that, under the facts of the case, there was no error in giving the instruction.

IV. Lastly, it is urged that the petition contained no 4. PRACTICE prayer for judgment. This question was not in supreme court: ques- made upon the trial, nor in the motion for a new tion not made below. trial, and it is not pointed out in the assignment of errors. It cannot therefore be considered.

AFFIRMED.