The State v. Harris.

○

## THE STATE v. HARRIS.

1. **Intoxicating Liquors**: UNLAWFUL SALES OF: STATUTORY CRIMES DISTINGUISHED. The crime of keeping for sale and selling intoxicating liquors, as defined by section 1542 of the Code, is not the same as that defined by section 1543, and an acquittal upon an information under the former section is no bar to a subsequent prosecution upon an indictment under the latter section.

2. **Criminal Procedure**: TRIAL JURORS: PANEL EXHAUSTED: FILLING VACANCIES FROM BY-STANDERS. Where the district judge ordered twenty persons to be summoned as trial jurors for the term, but two of them failed to appear, and one was excused, and, after the defendant had peremptorily challenged four of those present, the panel was exhausted, *held* that the court was not obliged to delay the trial until the panel could be filled from the jury lists and summoned from the body of the county, as provided by section 232 of the Code, but might direct the panel to be filled from the by-standers,—said section being directory only.

3. **Intoxicating Liquors**: UNLAWFUL SALE OF BY LICENSED PHARMACIST: INSTRUCTION. Where the defendant in a prosecution for the sale of intoxicating liquors was a licensed pharmacist, an instruction to the effect that he was obliged to use the utmost good faith and ordinary caution to see that liquors were sold by him for medicine only, and that his license would not protect him if he artfully sold liquors for other purposes than as a medicine, and that no cover or subterfuge could be permitted to be used for a substantial violation of the law, *held* not erroneous.

4. ———: GIVING AWAY BY LICENSED PHARMACIST: CRIMINAL LIABILITY. Section 1554 of the Code applies to licensed pharmacists, and they are liable for giving away intoxicating liquors for unlawful purposes, no matter how artfully done.

5. ———: UNLAWFUL SALE OF: WINE FROM NATIVE GRAPES: BURDEN OF PROOF: INSTRUCTION. One indicted for the unlawful sale of liquor has the burden to show, if he so claims, that the liquor sold was wine from native grapes; and the testimony of a witness that the liquor was similar to wine made from native grapes did not call for an instruction that the sale of such wine was not a crime.

6. ——: ———: IRRELEVANT EVIDENCE. Evidence of the purpose with which persons visited a room where liquors were kept by defendant is irrelevant to the inquiry whether or not such persons, while there, procured the liquors, with the knowledge and consent of the defendant, for unlawful purposes.

*Appeal from .Cerro Gordo District Court.*

TUESDAY, SEPTEMBER 16.

INDICTMENT charging that the defendant "did erect, establish and continue a certain building and place, in which he kept and sold, and kept with intent to sell, all intoxicating liquors, to-wit, whiskey, gin, rum, alcohol and wine." The indictment was found in March, 1882, and charged that the crime was committed in April, 1881. The defendant pleaded not guilty, and specially that in January, 1882, an information was filed before a justice of the peace, charging that the defendant kept "with intent to sell, and selling intoxicating liquors, as mentioned in the indictment." The defendant was convicted before the justice, and, on appeal to the district court, he was acquitted. On motion of the state, the special defense pleaded was stricken from the files. There was a trial by jury, verdict guilty, and judgment. The defendant appeals.

*Miller & Cliggitt*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, J.—I. The crime charged in the information is defined in section 1542 of the Code, and that in the indict-

1. INTOXICAT-
ING liquors:
unlawful sale
of: statutory
crimes distin-
guished.

ment in section 1543. The only difference between the crimes as charged is that, under the information, proof of a selling, or keeping with an intent to sell, is sufficient, while, under the indictment, it must be shown that the liquor was sold, or kept with intent to sell, in a building or place. The latter is declared by the statute to be a nuisance. The former is not a nuisance.

Under the information, the defendant could be convicted if he had the liquor secreted on his person, and sold it whenever and wherever he could find any one willing to purchase. This is not the crime charged in the indictment.

Under it, in order to convict, the state must establish that intoxicating liquors were sold, or kept with intent to sell, in a building or place which is resorted to by persons desiring to procure intoxicating liquors, and which building or place, if properly described in the indictment, can, upon the conviction of the defendant, be found and declared to be a nuisance, and abated. Of such offense a justice of the peace does not have jurisdiction. The facts pleaded in the special defense did not, therefore, constitute a bar to the crime charged in the indictment.

II. The judge of the district court made an order that twenty persons should be summoned as trial jurors for the term, as provided in Code, § 231. Eighteen only appeared, and one was excused, leaving seventeen in attendance, from which the jury for the trial of this case was to be selected. The defendant challenged peremptorily four of the seventeen, which exhausted the panel then present; whereupon the court directed the panel to be filled by calling persons then present in court. To this the defendant objected, and demanded that the panel be filled from the jury lists, as provided in section 232 of the Code. Thereupon the court directed an attachment to issue for the two persons who had failed to appear, and refused to order the panel to be filled from the jury lists, and refused to delay the trial for the return of the attachment. To the persons called to fill the panel the defendant objected, on the ground that they had not been drawn from the jury lists. The objection was overruled. The court had the power to restrict the number of persons to twenty, and the question to be determined is whether, when a portion only of the number of persons so designated appear, the court is compelled to delay a trial until the panel can be filled from the jury lists, and summoned from the body of the county. It may be conceded that ordinarily the provisions of the statute in relation to obtaining jurors should be complied with. The object of the

*2. CRIMINAL procedure: trial jurors: filling panel from by-standers.*

statute is to provide means whereby an unprejudiced jury may be obtained. No penalty, however, is attached for a failure to comply literally with the statute, and we think it must be regarded as directory, and that a simple disregard of its provisions, when error does not affirmatively appear, is not sufficient to authorize a reversal of the judgment. The court is, and must of necessity be, invested with a judicial discretion in this respect, to the end that justice may be obtained, and that unnecessary delays in the proceedings of courts may not occur.

III. The defendant was a licensed pharmacist, and the court instructed the jury that he must have used the "utmost good faith and ordinary caution, to see that liquor is only sold by him as medicine;" and that his license "will not protect one who artfully sells liquor for other purposes than as a medicine. No cover or subterfuge can be permitted to be used for a substantial violation of the law." It is urged that the jury must have understood that, in the "mind of the court," the defendant's business was a series of "devices," "disguises," "covers" and "artful" "contrivances to evade the law," and, therefore, the instruction is erroneous. But we do not think this is so. The jury could only have understood that they must not allow the law to be evaded by devices, arts and contrivances, adopted for that purpose, if there was a substantial violation of the statute; and the charge in this respect is correct. Code, § 1554. *Woolheather v. Risley*, 38 Iowa, 486.

*3. INTOXICATING liquors: unlawful sale by licensed pharmacist: instructions.*

In the paragraph of the charge under consideration, the court instructed the jury that if the defendant was a licensed pharmacist he had the right to keep liquor for medicinal purposes, and for the purpose of compounding medicines. It is insisted that he had the right to keep liquor for the purpose of compounding medicines if he was not a licensed pharmacist, and that the jury should have been instructed to this effect. Conceding this to be so, the fact that he was such a phar-

macist was not controverted, and therefore the error, if it can be said to be one, was in no respect prejudicial.

IV. The court instructed the jury that they were required to construe the law so as to prevent evasion, and so as to cover the act of giving as well as selling intoxicating liquor by persons who are not authorized to dispose of it for the purpose for which it was obtained. This instruction is in accord with Code, § 1554, if the statute applies to a licensed pharmacist. Counsel for the defendant claim that it does not. A pharmacist has the right to sell intoxicating liquors for a purpose authorized by law. He cannot evade the law by giving it away for an unlawful purpose, nor can he evade the law more readily by any device than a person who has no license. The only difference is that a person not licensed, or otherwise authorized by law, cannot sell intoxicating liquors for any purpose, while one who is may sell for a lawful purpose. If the licensed pharmacist sells for any other purpose, he is liable, it matters not how artfully he may disguise the purpose for which the sale is made.

*4. ——: giving away by licensed pharmacist: criminal liability.*

V. A witness testified that he drank some wine in the defendant's building, and that it was similar to wine manufactured from native grapes; and it is insisted that the jury should have been instructed that the defendant could lawfully sell wine made from such grapes. The evidence did not warrant such an instruction. The burden was on the defendant to show that the wine was made from grapes grown in this state. *The State v. Stapp,* 29 Iowa, 551; *Worley v. Spurgeon,* 38 Id., 465. The fact that the wine looked or was similar to native wine was clearly insufficient. There is no evidence tending to show that native wine can be known by its color or looks, or that there is any difference in this respect between it and other wine.

*5. ——: unlawful sale of: wine from native grapes: burden of proof: instruction.*

VI. The defendant had a room in which there were kept some books, and it is designated by the witness as the library.

This room is attached to the drug store of the defendant. In

**6. ——: ——:** *it was kept, at times at least, wine and other*
irrelevant
evidence.    liquors. The defendant sought to prove that a witness was in the *habit* of going into this room for the purpose of reading and procuring books, without asking permission of the defendant. This evidence was offered for the purpose of showing that if the witness, while in the room, drank liquor, the defendant might not have known that he went there for that purpose, but went solely to procure books. It matters not for what purpose the defendant went to the library; it was for the jury to say whether, while there, he procured liquor, with the knowledge or consent of the defendant, for unlawful purposes.

The evidence warrants the verdict, and the defendant was fined $300, which we are asked to reduce, on the ground that it is excessive. This we cannot do. We think the court was justified in imposing the fine it did.

AFFIRMED.