## Superior Court of Buffalo.

### *October*, 1886.

## PEOPLE v. BURCH.

### FORMER ACQUITTAL.

A former trial and acquittal is no bar unless the offences charged in both indictments are the same in law as well as in fact. Where the record does not show that the jury passed upon and rendered judgment upon a plea of former acquittal interposed by the defendant, a judgment of conviction will be reversed.

APPEAL by defendant Henry Burch from a judgment convicting him of embezzlement.

The facts appear in the opinion.

*Geo. T. Quinby*, assistant district attorney, for the people, respondents

*Andrew & Hill*, for appellant, Henry Burch.

SMITH, C. J.—The defendant was indicted for the crime of embezzlement, under chapter 955 of the laws of 1867. He pleaded, first, that he had been tried and acquitted of the crime charged in the indictment, in this court, on the 26th day of April, 1886, and, secondly, not guilty.

It appeared on the trial of this indictment that defendant had been indicted for grand larceny in taking the same money which in this indictment he is charged with having embez-

zled. He was tried on the indictment for larceny in April last in this court and was acquitted, the court holding that the taking of the money was not larceny.

The facts appearing on the former trial were substantially the same as were proved on the trial of this indictment. The court held that the former trial and acquittal was not a bar to this indictment, and the jury having found the defendant guilty, he was sentenced to the Erie county penitentiary for the term of two years. This appeal is taken from the judgment so rendered. The principle is well established that a former trial is no bar unless the first indictment was such as the accused might have been convicted upon by proof of the facts set forth in the second indictment. To constitute a bar, the offence charged in both indictments must be identically the same, both in law and in fact. 4 Black. Com. 336 ; 1 Russ. on Crime, 829, 836 ; *King* v. *Taylor*, 3 Barn. & Cress.; 502 ; *Commonwealth* v. *Roby*, 12 Pick 496 ; *Burns and Cary* v. *People*, 1 Park, 182; *People* v. *Nichols*, 3 *Id.* 579. In Raby's case, he was convicted in July, 1831, on an indictment for a felonious assault upon Maria Leonard on May 2nd, with the intent to kill and murder her. Thereafter the felonious assault proved fatal, and Leonard died thereof, and in November Raby was indicted for her murder. He pleaded in bar his former conviction, but the plea was overruled and he was convicted of the murder, the court saying : " In considering the identity of the offenses it must appear by the plea that the offense charged in both cases was the same in law and in fact. The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact." The case of *The People* v. *Nichols*, seems to be on all fours with this case. The defendant was indicted for grand larceny for the felonious taking and appropriation of goods intrusted to him as a common carrier. On the trial he was acquitted on the ground that the taking of the goods was not a larceny.

He was then indicted for embezzling the goods under the

same chapter 955 of the Laws of 1857, and pleaded the former trial and acquittal in bar. He was convicted, his plea being overruled, and the Supreme Court on a writ of error affirmed his conviction. Though the judgment of the upreme court was reversed in the court of appeals (by a divided court) 17 N. Y. 114 ; the reversal did not disturb the principle laid down above, that the former trial is no bar unless the defendant could have been convicted upon the first indictment by proof of the facts set forth in the second. In this case nothing can be more clear than that the offenses charged in the first indictment—grand larceny—could not be established by proof of the facts alleged in the second indictment, and which constitute the crime of embezzlement as defined by the statute referred to. Indeed, on the first trial the defendant was not acquitted on the ground that the facts proved did not show that he had committed *a* crime but that they did not show that he had committed *the* crime charged in the indictment. That the identity of the offenses charged in the two indictments must exist both in law and in fact in order to make the plea of a former trial available as a bar is entirely consistent with the constitutional provision, which is that " No person shall be subject to be twice put in jeopardy *for the same offence*," and the statutory provision is in substance the same. Constitution, N. Y., art. 1. sec. 6, Code Crim. Pro., sec. 9. The other grounds of the defendant's appeal cannot be sustained. The court did not err in overruling the demurrer to the indictment. It clearly sets out the offense created 'by the statute of 1867 and we cannot accede to the defendant's claim that the statute is unconstitutional.

The exceptions to the admission of evidence on the trial were not well taken.

But we are constrained to hold that they must be a new trial, for the technical reason that the record does not show that the jury passed upon the issue raised by the plea of a former trial and acquittal, nor that any judgment was rendered thereon.

The Code of Criminal Procedure provides in section 437 that " A general verdict upon a plea of not guilty is either ' guilty ' or , not guilty ' imports a conviction or acquittal of the offense charged in the indictment. Upon a plea of a former conviction or acquittal of the same offense it is either ' for the people ' or ' for the defendant.'

And section 442 provides that " If the plea be a former conviction or acquittal of the same offense the court must give judgment of acquittal or conviction according as the facts prove or fail to prove the former conviction or acquittal."

Though the record before us shows the two pleas of not guilty and of the former acquittal made by the defendant to the indictment, yet the only verdict rendered by the jury appearing on the record is " guilty as charged in the indictment."

The issue raised by the plea of former acquittal was not, so far as the record shows, passed upon by the jury and the judgment of the court rests solely upon the verdict upon the issue raised by the plea of not guilty.

Section 449 expressly declares that " No judgment of conviction can be given unless the jury expressly find against the defendant upon the issue."

The jury did not find against the defendant in this case upon his plea of a former acquittal. As there is no verdict upon the issue raised by that plea and no judgment thereon there must be a new trial to correct the errors in that respect.

The judgment appealed from is therefore reversed, and a new trial is ordered.

BECKWITH, J., concurs.

NOTE.—The true test as to whether a prior indictment and trial are a bar is whether the evidence necessary to support a second indictment would have been sufficient to procure a legal conviction on the first. *Hite* v. *State*, 9 Humph. (Tenn.) 356; *State* v. *Cameron*, 3 Heisk. (Tenn.), 85; *Ex parte Rogers*, 10 (Tex.) App. 665; *Simco* v. *Slate*, 8 (Tex.) App. 406; *Irvin* v. *State*, 7 (Tex.) App. 78. See an article entitled " Two offences committed in one Transaction," 7 Crim. Law, Mag., 711.

An acquittal under an indictment for burglary in breaking and entering a dwelling with intent to steal, is a bar to a subsequent indictment for grand

larceny, when the alleged taking was connected with, and a part of the same transaction constituting the alleged burglary at the same place and on the same occasion. *Triplett* v. *Commonwealth*, (Ky.) 1 S. W. Rep. 84.

Where appellant has taken advantage of the errors of law in a former criminal proceeding, and procured a reversal at the hands of the appellate court, which grants a new trial at his instance, and directs that his case be tried again, the plea of former trial and conviction is not available. *Haskins* v. *Commonwealth*, (Ky.) 1 S. W. Rep. 730.

Whether the accused has been previously tried for the same offence is a question of fact to be determined, partly by the record and partly by parol evidence for the purpose of identification, and such parol evidence can only be introduced in connection with the record. *Walter* v. *State*, 105 Ind. 589

A person may by a single act transgress the laws of two jurisdictions, as that of the United States and that of a State, and either or both may punish such offender, and it cannot be averred that the offender has been twice punished for the same offence. *Matter of Esmond*, (Dist. of Columbia,) 3 Cent., Rep. 520, 523.

A statute provided that any person who unlawfully and maliciously throws upon, or across any railway, any wood, stone, or other matter, with intent to endanger the safety of any passenger travelling or being upon such railway, or with intent to obstruct or injure any engine, shall be guilty of felony, and upon being convicted thereof shall be liable to penal servitude for life, root be imprisoned for any time not exceeding two years. The same statute also provides that a person who, by any unlawful act shall endanger the safety of any person conveyed, or being upon a railway, or shall obstruct any engine or carriage using any railway, shall be guilty of a misdemeanor, and shall be liable to be imprisoned for any term not exceeding two years. *Held*, that an acquittal upon an indictment charging the prisoner with the felony, was no bar to a subsequent indictment being preferred upon the same facts for the misdemeanor. *Reg* v. *Gilmore*, 15 Cox Cr. Cas. 85; 36 Eng. Rep. 500.

An information charging that defendant kept intoxicating liquors with the intent to sell, is no bar to an indictment charging that he established, and continued a building and place in which he kept liquor with intent to sell. *State* v. *Harris*, 64 Iowa, 287.

An indictment charged burglary and theft in the same count. The court in its charge submitted the question of burglary only, and the jury found a general verdict of guilty of burglary. *Held*, that the verdict conformed to the indictment, and the charge of the court, the judgment and sentence conformed to the verdict; and the conviction was for burglary alone, but operated to bar any further prosecution for the theft charged in the indictment. *Turner* v. *State*, (Tex.) 2 S. W. Rep. 619.