. THE STATE OF IOWA, Appellee, v. G. W. ROCKWELL, Appellant.

THE SAME, Appellee, v. M. F. SOUSER, Appellant.

1. **Jury:** FAILURE OF PANEL TO ATTEND: CALLING BYSTANDERS. Where a portion of the panel of petit jurors fails to attend, the court may, in its discretion, notwithstanding the provisions of section 232 of the Code, that such deficiency shall be supplied by drawing the requisite number of persons by a second panel as in the first instance, proceed with the trial of causes, and call from the bystanders the number of talesmen necessary to complete the jury in any case.

2. **Intoxicating Liquors:** NUISANCE: VENUE. The provisions of section 4159, giving jurisdiction of public offenses committed on the boundary of two or more counties, or within five hundred yards thereof, to either of said counties, are applicable to criminal prosecutions for keeping a liquor nuisance.

*Appeals from Jones District Court.*—HON. JAMES D. GIFFIN and HON. J. H. PRESTON, Judges

FRIDAY, MAY 15, 1891.

THE defendants were separately indicted by the grand jury of Jones county for keeping and maintaining nuisances by the unlawful sale of intoxicating liquors in the county of Dubuque, and within five hundred yards of the boundary line between Jones and Dubuque counties. They were separately tried by the jury, and convicted, and they appeal.—*Affirmed.*

*Fouke & Lyon, J. L. Sherran* and *J. W. Jamison,* for appellants.

*John Y. Stone,* Attorney General, and *F. O. Ellison,* County Attorney, for the State.

ROTHROCK, J.—I. These appeals involve the same questions. They were presented to this court upon the

same abstract and arguments, and they will be determined in one opinion. The first question presented by counsel for the appellants is that the court erred in over-ruling certain challenges made to the jury. It appears from the record that twenty-four trial jurors were regularly and legally drawn, and that but nineteen appeared in obedience to the summons commanding them to appear and serve as jurors at the terms at which the defendants were respectively required to appear. This fact was discovered early in the term, and at the time these causes were called for trial. It is provided by section 232 of the Code that, where the whole number of jurors fail to attend, or because some are excused by the court, "the requisite number of persons to supply the deficiency shall be drawn in the same manner as provided" by law for drawing the panel in the first instance. The cases now under consideration were called for trial at the time the jury was first called and the deficiency ascertained. The defendants challenged the panel, because it was not filled to the requisite number in the manner provided by the statute above cited. The challenge was overruled. It is not claimed that this ruling was error. It was in accord with the case of *Buford v. McGetchie,* 60 Iowa, 298. The court proceeded to impanel the jury, and the number was reduced by challenges for other causes to less than twelve. Thereupon, the court ordered the sheriff to call jurors from the bystanders. The defendants objected to this, and challenged the bystanders or talesmen called by the sheriff. Each one was challenged as he was called, and the challenges were overruled, and when the defendants' challenges were all exhausted the jury consisted of nine of the regular panel and three of the talesmen called by the sheriff.

1. JURY: failure of panel to attend: calling bystanders.

We have held that section 232 of the Code is directory, so far as it involves the right to challenge a juror because of the failure of the court to order a second drawing of jurors. In *State v. Harris,* 64 Iowa, 289, it is said : "No penalty, however, is attached for

a failure to comply literally with the statute [ section 232 of the Code ], and we think it must be regarded as directory, and that a simple disregard of its provisions, where error does not affirmatively appear, is not sufficient to authorize a reversal of the judgment. The court is, and must of necessity be, invested with a judicial discretion in this respect, to the end that justice may be obtained, and that unnecessary delays in the proceedings of courts may not occur." *State v. Ryan*, 70 Iowa, 155; *State v. McCahill*, 72 Iowa, 111. The statute does not provide that the court shall delay the trial of jury causes until a drawing can be made, and officers sent to distant parts of the country to summon and bring in additional jurors; and there is nothing in the record in these cases showing that the defendants were in any manner prejudiced by the method adopted by the court to secure a jury for the trial of the causes.

II. The court instructed the jury that if the defendants maintained buildings in which intoxicating liquors were kept for sale contrary to law, and that such buildings were situated within five hundred yards of the line of Jones county, they were guilty of the crime charged in the indictments. It is provided by statute that when a public offense is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction is in either of the counties. Code, sec. 4159. It is contended that this provision of the law has no application to a criminal prosecution for keeping a liquor nuisance. The argument of counsel appears to be grounded upon certain provisions of the statute authorizing actions enjoining the keeping of nuisances of this character. We do not think there is any ground for holding that these statutes in any manner limit the general statute above cited. It applies to all " public offenses," and the keeping of a saloon nuisance is a public offense, and punished the same as any other public nuisance.

*2. INTOXICATING liquors: nuisance: venue.*

We discover no reason for reversing the judgments of the district court, and they are AFFIRMED.