## *The* STATE *vs.* BENJAMIN STINSON.

By the *stat.* 1823, *c.* 233, additional to the act establishing the Court of Common Pleas, and the *stat.* 1836, *c.* 196, to alter and define the criminal juridiction of the Judicial Courts, the Court of Common Pleas, now the District Court, has general criminal jurisdiction of all crimes and offences whatever, with certain exceptions mentioned in those statutes, of which the Supreme Judicial Court has exclusive jurisdiction.

The Court of Common Pleas, succeeded by the District Court, has criminal jurisdiction of the offence of being a common retailer without license, and of all other offences, prosecuted by indictment, committed against the provisions of the *stat.* 1834, *c.* 141, for the regulation of innholders, &c. and of the additional *stat.* 1835, *c.* 193.

An indictment under those statutes should be in the name of the State.

It is not necessary to set forth in the indictment what penalty or forfeiture is incurred, or to what uses applied, as these depend upon the law.

If the indictment allege, that the offender " did take upon himself and presume to be" a common retailer of wine, &c. without license, and " did then and there, as aforesaid, sell and cause to be sold to divers persons, to the jurors unknown, divers quantities of said strong liquors," &c., but one offence is charged.

In order to avoid unnecessary prolixity in the indictment, general averments of divers sales to divers persons of divers quantities of strong liquors, from a specified day to the finding of the indictment, are a sufficient specification of the offence, which consists in being a common retailer without license.

The *stat.* 1834, *c.* 141, *is not itself repealed* by the last section of the act.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

The State *v.* Stinson.

At the Court of Common Pleas, *December Term*, 1838, an indictment was found against *Stinson*, wherein the jurors presented, " that *Benjamin Stinson* of *Bath*, &c., on the first day of *May* last passed, and on divers other days since that time, and up to the present time, at *Bath aforesaid*, did take upon himself and presume to be a common seller of wine, brandy, rum and strong liquors by retail, and in less quantity than twenty-eight gallons, at one and the same time delivered and carried away, illegally and without license therefor, and did then and there as aforesaid sell and cause to be sold to divers persons, to the jurors unknown, divers quantities of said strong liquors in less quantity than twenty-eight gallons by retail as aforesaid, against the peace and dignity of the State, and contrary to the form of the statute in such case made and provided."

After a verdict of guilty had been returned, *Stinson* moved in arrest of judgment, and assigned the following causes.

1. Because said indictment does not specify any fine, penalty, or forfeiture incurred by the defendant.

2. Because said indictment is double, charging two distinct and different offences to which different penalties are affixed.

3. Because no time is specified in said indictment when said supposed offence was committed.

4. Because said offence is charged with a *continuando*.

5. Because it is not alleged in the indictment that the defendant *was* a common seller of wine, brandy, rum and strong liquors by retail without license ; but that he *took upon himself and presumed to be* such common seller by retail without license.

6. Because the indictment alleges, that the defendant took upon and presumed to be a common seller of wine, brandy, rum and strong liquors, and specifies that the defendant sold strong liquors only.

7. Because the *stat. of March* 24, 1835, authorizing the penalty to be recovered by complaint or indictment, prescribes that the prosecution for said penalty may be by any person or persons, or in the name of the inhabitants of any town, or plantation, or city, where the offence was committed.

8. Because the indictment is found in the name of the State, which is a course not prescribed by the statute.

9. Because the indictment does not show any appropriation of the penalty.

10. Because it is not prescribed in the statute, to what use the penalty shall go.

11. Because if judgment should go against the defendant, there is no person entitled to receive the penalty, nor can it be lawfully claimed by the State.

12. Because the jurisdiction of this offence pertains not to the Court of Common Pleas, but to the Supreme Judicial Court.

13. Because the indictment does not charge any facts, which constitute an offence against any law of the State.

14. Because the indictment is informal, defective, and unconformable to the statute, so that no judgment can lawfully pass thereon.

The motion was overruled, and *Stinson* filed exceptions.

*Groton*, for *Stinson*, argued in support of the causes assigned in the motion in arrest of judgment. In aid of the fifth objection, he cited *Commonwealth* v. *Maxwell*, 2 *Pick.* 139. And in support of the twelfth, *Parcher's case*, 2 *Greenl.* 321.

*Emery*, Attorney General, for the State, contended, that although the indictment might not have been drawn with much technical accuracy, still it was good. He replied to the objections principally relied on against the indictment; and cited *stat.* 1823, *c.* 233; *stat.* 1836, *c.* 196; *Commonwealth* v. *Eaton*, 15 *Pick.* 273; 1 *Chitty's Cr. Law*, 218; *Commonwealth* v. *Horton*, 9 *Pick.* 206; 1 *Chitty's Cr. Law*, 809; *Commonwealth* v. *White*, 8 *Pick.* 453.

The opinion of the Court was by

WESTON C. J. — Without finding it necessary to investigate the question of the jurisdiction of the Common Pleas, in respect to offences of this class, at a former period, we are of opinion, that that Court and its successor, the District Court, has jurisdiction of the offence charged, in virtue of the *stat.* 1823, *c.* 233. That statute gives to the Court of Common Pleas, in general terms, concurrent jurisdiction with the Supreme Judicial Court, of all crimes, offences and misdemeanors, with certain exceptions, not embracing the case before us. This grant of power is not limited to offences, made such by laws then existing. It is prospective in

its operation, creating the Common Pleas, with certain specific exceptions, a court of general criminal jurisdiction. The act, establishing the Supreme Judicial Court, *stat.* 1820, *c.* 54, § 1, gave that court cognizance of all offences and misdemeanors of a public nature, and of every crime whatsoever, that is against the public good. It cannot be doubted, that whenever the legislative power might by subsequent enactment, declare a certain act an offence, and prescribe a punishment for its commission, upon conviction, the power of the Supreme Court, to take cognizance of it, would thereupon attach. It would be a narrow construction, and a most inconvenient restriction of the judicial power, to limit their jurisdiction to such offences only as were declared such, before the passage of the act, conferring the jurisdiction. It would enable offenders in many instances, to set the law at defiance. The Court of Common Pleas, by the *stat.* 1823, before cited, are expressly invested with all the criminal powers of the Supreme Court, with certain well defined exceptions. And it has become more important to sustain the general jurisdiction of the Common Pleas, now the District Court, as by the *stat.* 1836, *c.* 196, the criminal jurisdiction, which they before held, concurrently with the Supreme Court, is made exclusive.

The *stat.* 1835, *c.* 193, having provided, that the penalties incurred under the act of 1834, *c.* 141, to which that was additional, might be recovered by indictment, it is necessarily implied, that it must be in the name of the State. What penalty or forfeiture is incurred, and to what uses applied, depends upon the law, and need not be set forth in the indictment. There is but one offence charged against the defendant, and that is, his being a common retailer, without license. This it is expressly averred, he did take it upon himself to be. In order to avoid unnecessary prolixity, general averments of divers sales to divers persons, of divers quantities of said strong liquors, from a specified day to the finding of the indictment, have been received as a sufficient specification of the offence, which consists in being a common retailer, without license.

The last section of the *stat.* of 1834, provides, that the act shall take effect from the first Monday of *Sept.* following its enactment, and declares all acts and parts of acts, relating to the subject matter, repealed, " from and after the time aforesaid." This must be

intended to mean all other acts. It would be absurd to hold the act repealed, at the very moment when it was in express terms to take effect. In the subsequent *stat.* of 1835, *c.* 193, that of 1834 is treated as a subsisting act, and further provision is made for its enforcement. The exceptions are overruled, and the case remitted to the District Court.