ARGUED AT JUNE TERM, 1845.

THE STATE OF MAINE *versus* JOSIAH P. CHURCHILL.

If an indictment under Rev. St. c. 36, § 17, allege, that the accused did presume to be a common retailer of the liquors mentioned in that section of the statute, without license, within the time specified, in less quantities than twenty-eight gallons, and that he did sell such liquors to divers persons, without license, within the time specified, but one offence is charged.

On the trial of such indictment, it is not necessary for the prosecuting officer to introduce proof in support of the negative allegation, that such selling was without license. If the accused would defend himself on the ground, that he was licensed, he must show it.

THE arguments were by

*J. H. Webster*, for Churchill — and

*Moor*, Attorney General, for the State.

The opinion of the Court was drawn up by

TENNEY J. — The charge contained in the indictment is, that the defendant, " at New Portland in the county of Somerset, on the first day of August, in the year of our Lord one thousand eight hundred and forty-three, and on divers other days and times between that day and the finding of this indictment, without lawful authority, allowance or permission, and without being duly authorized therefor pursuant to the statute, did pre-

sume to be and was a common seller of wine, brandy, rum, gin and other strong liquors by retail and in a less quantity than twenty-eight gallons, *and the said Churchill during said time did sell wine, brandy, rum, gin and other strong liquors by retail and in a less quantity than twenty-eight gallons at a time.*

It is contended, that the offence charged in the indictment is double; that by the words in italics, the defendant is accused of a violation of the 18th section of the Rev. Stat. c. 36, after being charged in the former part of the indictment with a breach of the 17th section of the same chapter. The cases of *State* v. *Cottle*, 15 Maine R. 473; and *State* v. *Stinson*, 17 Maine R. 154, are not essentially different from the one before us upon the point in question; and it was held in both, that one offence only was charged. In the former of these cases, it is alleged, " and did and then sell and cause to be sold wine, brandy, rum, gin, and other strong liquors *in manner aforesaid*, to divers persons," &c., and in the other, " did then and there *as aforesaid*, sell and cause to be sold," and it is contended therefore, that the words *in manner aforesaid*, and *as aforesaid*, connect the subsequent, with the former part of the allegation; whereas in this case, those words are omitted. The words referred to are unimportant, as the charge is definite without them, and they were probably used for the purpose merely of charging the one accused with a violation of the law, by selling such liquor without license.

The other objection relied upon, that no proof was offered by the government in support of the negative allegation, that the defendant was not duly authorized, cannot be sustained. The question was presented in the case of *State* v. *Crowell*, *ante* p. 171, and upon consideration, such proof was held unnecessary.

*Exceptions overruled.*