## THE STATE v. RYAN.

1. **Criminal Procedure:** JURY: PANEL EXHAUSTED: SPECIAL VENIRE: CALLING NAMES FROM LIST. Out of a panel of twenty-four trial jurors, only eighteen appeared, and the panel was exhausted before a jury for the trial of the indictment (for murder) in this case was procured. But before it was known that a jury could not be obtained from the regular panel in this case, a special *venire* was issued " for the purpose of using the names of the jurors so drawn and summoned in the impaneling of a jury " in this case. When the regular panel was exhausted, the sheriff, under the direction of the court, called the persons so drawn and summoned, in the order in which their names stood on the list, beginning with the first, until a jury was obtained. *Held* that in all this there was no error. (See Code, § 4396, and *State v. Green*, 20 Iowa, 424.)

2. **Criminal Practice:** REFERENCE TO DEFENDANT'S FAILURE TO TESTIFY: NEW TRIAL. Where the prosecuting attorney, on the trial of a criminal case, refers to the fact that the defendant has not testified in his own behalf, the defendant is entitled to a new trial, under § 3636 of the Code, as amended, as a matter of law, regardless of whether the remark is directed to the court or to the jury, or whether the defendant is prejudiced thereby or not.

*Appeal from Audubon District Court.*

WEDNESDAY, DECEMBER 1.

INDICTMENT FOR MURDER. There was a verdict of murder in the second degree, judgment, and the defendant appeals.

*L. L. De Lano*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

SEEVERS, J.—The regular panel of trial jurors consisted of twenty-four persons,—that is, that number was drawn as provided by law,—but, upon being called, only eighteen appeared, and the panel was exhausted before a jury was obtained for the trial of this cause. Prior to the commencement of the trial, and without knowledge that a jury could not be obtained from the regular panel, the court ordered

that a special *venire* issue, and forty persons were summoned to act as jurors. Such order was not entered of record, but the clerk certifies that the special *venire* was directed to issue " for the purpose of using the names of the jurors so drawn and summoned in the impaneling of a jury " in this case. The *venire* was issued, and forty persons duly drawn and summoned; and, when the regular panel was exhausted, the defendant asked that the talesman be drawn from the body of the county, which was refused by the court, and the sheriff was directed to call from the special *venire* the name of the first person so drawn and summoned, and in like manner to proceed and fill the panel. To the foregoing action and proceedings of the court the defendant objected, but his objections were overruled.

I. The defendant insists that, as jurors in criminal cases shall be drawn and summoned as provided in the Code of

1. CRIMINAL procedure: jury: panel exhausted: special venire: calling names from list.

Civil Practice, (Code, § 4389,) therefore the special *venire* ordered by the court was unauthorized, and that when the regular panel was exhausted the remaining jurors should be drawn and summoned as provided in sections 231–241 of the Code. It is obvious, we think, that these latter sections make provisions for obtaining jurors for the term, and for the trial of all cases where the regular panel is not full, and that they have no reference as to the manner a jury may be obtained for the trial of a criminal action, when the regular panel is exhausted. Provision for such a contingency is made in section 4396 of the Code, which provides that the court may order the sheriff to summon jurors from the by-standers, or other persons, " for the trial of the indictment." This is what the court did, and we fail to see any valid objection to the course adopted.

It is further objected that the court erred in directing the sheriff to call the names of the persons summoned as a special *venire* as they appeared on the list, instead of placing the names in a box, and making selections therefrom by lot. This

precise question, we think, was presented and decided against the appellant in *State v. Green*, 20 Iowa, 424.

II.   A witness was placed on the stand, and it was sought to prove by him a material fact, it must be assumed, and a 2. CRIMINAL practice: reference to defendant's failure to testify: new trial. question was asked him by the district attorney to which counsel for the defendant objected for certain stated reasons.   Thereupon the district attorney said:   " I can indicate to the court my views of it, [being the pending question.]   Now, there is testimony here going to show that this boy must have known Mr. Ryan, for that Mr. Ryan had taken his part, or been present, at a business transaction in Braywin.   Now, I desire to show by this witness, if I can, that, after the death of Mr. Kleever, the defendant had stated to this witness that he had never, that he knew of, seen John Kleever before.   Now, it may be this testimony is a little inferential.   Of course, they have not put the defendant upon the witness stand to testify with reference to it, but they have introduced testimony here going to show that John Kleever did know Peter Ryan,— that he was taking this boy's part; and I desire to show he did not, as contradicting that he did, know this man Kleever himself,—not intending to contradict Mr. Ryan, of course."

It is provided by statute that a defendant in a criminal action is a competent witness in his own behalf, but, if he should elect not to become such, that fact shall not have any weight against him on the trial; nor shall the attorney for the state, " *during the trial*, refer to the fact that the defendant did not testify in his own behalf;    *      *      * and the defendant for that cause alone shall be entitled to a new trial."    Miller's Code, (1886,) § 3636.  · Counsel for the defendant insists that the reference made by the district attorney to the fact that defendant had not testified as a witness in his own behalf entitles the defendant to a new trial.   If the remark had been made by the attorney for the state in an argument to the jury, we think it is perfectly clear that the defendant would have been entitled to a new trial.   But does

this make any difference? It was made to the court during the trial, and in the presence of the jury. The statute prohibits such remarks during the trial, in the presence of either the court or jury. Under the statute, we are not permitted to inquire whether the defendant was prejudiced; this must be conclusively presumed. The attorney-general insists that the statute should be so construed as to apply to a case where the attention of the jury is directly called to such a fact, or that such a direct reference thereto is made as in all probability would create a prejudice in the minds of the persons composing the jury. It seems to us that, if such had been the legislative thought, apt words would have been used to express it. If reference can be made to the fact that the defendant has not testified in his own behalf in arguments to the court, then such a reference may be made in every case, and thereby the statute will be nullified. It is clearly implied, if not expressly stated, in the statute, that the attention of either the court or jury shall not be called to the fact that the defendant has failed to testify in his own behalf; and, if the attorney for the state does so, the defendant is entitled to a new trial.

The judgment of the district court is

REVERSED.