## STATE V. WILLIAMS.

1. An information for selling liquors without a license, under Laws 1897 Chapter 72, providing that no person shall engage in such business without having paid the license, and having the receipt and notice posted, under penalty of conviction of misdemeanor, is sufficient, where it charges that defendant "did then and there unlawfully engage in the business of selling intoxicating liquors at retail" without having paid for the license, and not being a pharmacist; and the allegation that the specific sale was of a drink of whisky may be treated as surplusage, since the gist of the offense is engaging in the business without a license.

2. An indictment for illegally selling liquors, under Laws 1897, Chapter 72, need not state to whom the liquors were sold.

3. Misconduct on the part of the state's attorney in conversing with jurors in regard to the case while on trial, where it could not have injured defendant, is not reversible error.

4. Under Compiled Laws, § 7381, providing that defendant's failure to testify shall not create any presumption against him, a conviction will be reversed where the state's attorney commented on his failure to testify, though the court reprimanded the counsel, and promptly cautioned the jury to disregard such statements.

(Opinion filed June 14, 1898.)

Error to circuit court, Sanborn county, Hon. FRANK B. SMITH, Judge.

Mark Williams was convicted of selling intoxicating liquors without a license, and he brings error. Reversed.

The facts are stated in the opinion.

*T. H. Null, N. B. Reed and N. J. Dunham,* for plaintiff in error.

The information is insufficient. (1) It does not describe a public offense or notify the defendant of the facts and circum-

stances of the offense charged.    State v Butcher, 44 N. W. 239;
State v Burchard 4 S. D. 548; Goddy v State, 8 Tex. App. 127.
(2) It does not allege that defendant was engaged in the busi-
ness of selling intoxicating liquors, and unless it is done as a
business the sale of intoxicating liquors in quantities less than
five gallons is not unlawful.    Maynard v. Eaton, 65 N. W. 760;
Com. v. Fisher, Lan. L. Rev. 17; Spencer v. Whiting, 28 N.
W. 13; (3) It does not state to whom the liquor was sold,
State v. Boughner, 59 N. W. 736; Martin v. State, 46 N. W. 618;
State v. Pischel, 21 N. W. 468; People v. Minnock, 18 N. W.
390; People v. Heffron, 19 N. W. 170; Hornberger v. State, 66
N. W. 23; 7 Crim. Law, Mag. 153.

There was no allegation in the information of the sale of
"beer" and proof of such sales was inadmissable. State v.
Hesner, 8 N. W. 328; Fosdohl v. State, 62 N. W. 185; Boldt v.
State, 38 N. W. 177.    There was no proof of kind of beer sold
or that it was intoxicating.    The court will not take judicial
notice that "beer" is intoxicating. State v. Brewing Co., 58 N.
W. 1.

Because of the conduct of the state's attorney in referring
in his argument to the jury, to the defendant's failure to testify
in his own behalf a new trial should have been granted.    State
v. Baldoser, 55 N. W. 98; State v. McGahey, 55 N. W. 753;
Lindsay v. Pettigrew, 3 S. D. 199; People v. Evans, 40 N. W.
473; State v. Pearce, 57 N. W. 652.

*Melvin Grigsby*, Attorney General, *William F. Kenfield*,
State's Attorney, Sanborn County, and *John E. Whiting* for
defendant in error.

In nearly all purely statutory offenses it is sufficient to
charge the crime in the language of the statute,  1 Bish. Crim.

Prac. § 611; People v. Swertzer, 1 Dak. 295; Cook v. State, 11 Ga. 53; People v. Paquin, 74 Mich. 34; People v. Aldrich, 62 N. W. 570. The information sufficiently charges sale by the drink. 1 Bish. Crim. Prac. § 514; Howard v. State, 11 Ind. 554; Neals v. State, 10 Mo. 498; State v. Ladd, 15 Mo. 430. Where the offense charged is engaging in the business of selling intoxicating liquor at retail by the drink without a license, the name of the purchaser need not be alleged. Black on Intox. Liq. § 464; State v. Bilby, 21 Wis. 204; Mansfield v. State, 17 Tex. App. 468; Nelson v. United States, 30 Fed. 112.

Where the offenfe charged is engaging in the business of selling intoxicating liquor without a license and the proof is selling intoxicating beer the statute is complied with. Black on Intox. Liq. §§ 469, 332; State v. Brown, 31 Conn. 1; 11 Am. & Eng. Enc. of Law 578; State v. Boughner, 5 S. D. 461; Asthemier v. O'Pray, 16 N. Y. Sup. 470.

To justify a reversal of the judgment because of improper remarks of the state's attorney it must plainly appear that the substantial rights of the defendant were prejudiced by the alleged misconduct. Lindsay v. Pettigrew, 3 S. D. 199; Boyle v. State, 105 Ind 280; State v. Robertson, 26 S. C. 117; Calkins v. State, 18 O. St. 866; State v. Zumbason, 7 Mo. App. 526; Lannas v. State, 65 Mo. 93; Com. v. Worcester, 121 Mass. 58; State v. Hull, 20 L. R. A. 620.

CORSON, P. J. Upon an information filed by the state's attorney, the plaintiff in error was tried and convicted of the crime of selling intoxicating liquors without a license. After the jury had been impaneled, and a witness sworn, counsel for plaintiff in error objected to any evidence under the informa-

'tion, on the ground that it did not state facts sufficient to constitute a public offense, and on the further ground that the information was too indefinite and uncertain to enable a person of ordinary understanding to know what was intended to be charged. The objection was overruled, and exception taken. The information, omitting formal parts, is as follows: "That on the 30th day of August. A. D. 1897, at the city of Woonsocket, in the county and state aforesaid. Mark Williams, late of said city, in said county and state, was then and there a person whose business consisted of the sale of intoxicating liquors at retail by the drink, and was then and there engaged in, and did then and there unlawfully engage in, the business of selling intoxicating liquors at retail by the drink, and did then and there sell and deliver, to-wit, two gills of liquor, the same being less than five gallons, to-wit, whiskey, the same not being proprietary patent medicines, and without having first paid in full the license required by Chapter number 72 of the Public Acts of A. D. 1897, State of South Dakota, and without having the receipt and notice for such license posted up in the place where such liquors were kept, as required by said act—he the said Mark Williams, not being then and there a registered pharmacist, and the said liquor not being then and there sold for chemical, scientific, medicinal, mechanical, or sacramental purposes—contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said state of South Dakota." The information was evidently drawn under Section 5, Chapter 72, Laws 1897, which, so far as material to this case, reads as follows: "If any person or persons shall engage or be engaged in any business requiring the payment of license under section one (1) of this act without

having paid in full the license required by this act, and without having the receipt and notice for such license posted up as required by this act, or without having made, executed and delivered the bond required by this act, or shall in any manner violate any of the provisions of this act, such person or persons shall be deemed guilty of a misdemeanor." By Section 1. referred to, all persons desiring to engage in the sale of "distilled, brewed or malt liquors or mixed liquors" are required to take out a license, file bond, etc. The terms "spirituous," "vinous," "fermented," and "other intoxicating liquors," are also used in that section. In Section 2 of the act, other terms are used; but, as Section 5 only refers to Section 1, those two sections only will be considered. It will be observed that it is "the business of selling or offering for sale any spirituous, vinous, malt, brewed, fermented, or other intoxicating liquors at retail, or any mixture or compound, except," etc., that is required to be licensed, and that all the designated liquors are classed as "intoxicating liquors." The evident object and purpose the lawmaking power had in view was (1) to restrain the sale of intoxicating liquors; and (2) to increase the revenue of the state, by requiring a license for the sale of the same. To accomplish this object and purpose, the legislature clearly provides that any person engaging in the business of selling intoxicating liquors without the license prescribed,—not being one of the excepted class,—either at retail or wholesale, shall be guilty of a misdemeanor. The gist of the offense is the engaging in the business without such license. That the accused was so engaged is clearly stated in the information. It is charged that the accused, on, etc., at, etc., "did then and there unlawfully engage in the business of selling intoxicating liq-

ours at retail." The words, "by the drink, and did then and there sell and deliver, to wit, two gills of liquor, the same being less than five gallons, to wit, whisky," may be treated as surplusage. Black, Intox. Liq. § 482; People v. Breidenstein, 65 Mich. 65, 31 N. W. 623; Roberts v. State (Fla.) 7 South. 861.

It is further contended that the information should have stated to whom the liquors were sold. But such a statement is not required in this class of cases. As before stated, it is the engaging in the business of selling that constitutes the offense. The statute now under consideration is analogous to statutes in which the offense consisted in being a "common seller of intoxicating liquors," and under such statutes it has been held sufficient to state generally that the accused "was, without being duly authorized or appointed thereto according to law, a common seller of intoxicating liquors." Com. v. Hoye, 11 Gray, 462; Com. v. Edwards, 4 Gray 1; Com. v. Hart, 11 Cush. 130; Com. v. Pray, 13 Pick. 359; State v. Stinson, 17 Me. 154; State v. Churchill, 25 Me. 306; State v. Nutt, 28 Vt. 598; State v. Burchard, 4 S. D. 548, 57 N. W. 491; State v. Boughner, 5 S. D. 461, 59 N. W. 736—were decided under entirely a different statute. "Whenever the crime consists of a series of acts, they need not be specifically described; for it is not each or all the acts of themselves, but the practice or habit, which produces the principal evil and constitutes the crime." Com. v Pray, *supra.* In the case at bar, it is not material to whom particular sales were made. It is sufficient to allege and prove that the accused was engaged in the business of selling intoxicating liquors at retail without having procured a license therefor as provided by law, and proof that he was so engaged in the business of making sales at retail would sustain the charge. We

are of the opinion, therefore, that the court properly overruled the objection to the information.

Two grounds for a motion for a new trial were: (1) Misconduct of the state's attorney in conversing with two of the jurors in regard to the case while the same was on trial; (2) in commenting in his argument upon the fact that defendant did not take the stand as a witness in his own behalf, and deny the statement of the witnesses for the prosecution.

It appears from the affidavits and oral evidence that at the supper table in the hotel, while the case was on trial, the state's attorney was seated at the same table with two of the jurors, and, while so at supper, made some remarks. As to the precise nature of these, there is a conflict in the evidence. The state's attorney, in his affidavit, which is corroborated by the two jurymen, makes a statement of what occurred. The statement so made, with his explanation, shows the affair was not of any serious importance, and shows that it was an excusable inadvertence on the part of the state's attorney, that could not have worked any serious injury to the defendant.

The second ground of misconduct alleged on the part of the state's attorney presents a more serious question. The facts in regard to this misconduct are thus stated in the bill of exceptions: "That T. H. Null and N. J. Dunham, in their remarks to the jury, laid stress upon the fact that one —— Brown who the state claimed had sold intoxicating liquors at the business place of the defendant, Mark Williams, was not agent of defendant. That Wm. F. Kenfield, state's attorney of Sanborn county, S. D., in reply thereto, stated, in substance, to the jury all the facts and circumstances of the case, to show that Brown was the agent of the defendant. 'If this is not true, why didn't the defense put witnesses upon the stand to deny it? Mark

Williams was present all through this trial, and has not opened his mouth to deny it.' At that time the defendant did not make any objection to the language of the state's attorney, and requested no instruction of the court to the jury to disregard the statement, or any other instruction to the jury of any kind whatever, That J. E. Whiting, who was assisting the state's attorney in the trial of the said action, asked the court at that time to inform the jury that the statement was improper, and asked the court to caution the jury that they must not pay any attention to that statement of counsel. That the court thereafter reprimanded the state's attorney, in the presence of the jury, for making said statement, and also cautioned the jury that they must not draw any inference detrimental to the defendant on account of his not going upon the stand as a witness and the defendant had a legal right not to go upon the stand as a witness. and his failure to go upon the stand must not be commented upon, and the jury must not consider that matter at all. That a short time afterwards the said W. F. Kenfield said to the jury, in substance, that this man Brown was the agent of the defendant; that, if this was not so, why did Brown not go upon the stand and deny it? Why did they not put Mark Williams on the stand to deny these things, if they were not true? That the court stopped the state's attorney at this time, and severely reprimanded him for the language used, and again cautioned the jury that it must not pay any attention to what Mr. Kenfield had said about the defendant not going upon the stand, and that the jury must not draw any inference prejudicial to the defendant because he did not go upon the stand, and must not consider that question at all, and that defendant had a perfect right to not go upon the stand, and no one could

question it, and attorneys must not refer to it. That afterwards the state's attorney said to the jury, in substance, that the testimony showed that the defendant was guilty and he has not disputed it. At this time the defendant excepted to the remarks of counsel for the state, and the court stopped counsel for the state, and reprimanded him, and he then ceased any further argument in the case to the jury. This exception was the only one made by the defendant in reference to any language used in argument to the jury by the state's attorney about defendant not going upon the stand to testify in said action. That the instruction given upon that question was privately asked for by the state, and was asked for in such a manner that the jury could not hear the request made." That these remarks by the state's attorney were highly improper, and constituted misconduct in the trial, there can be no doubt; but the state contends that, as no objection was made and exception taken until the last remark, and the court having promptly cautioned the jury, and reprimanded counsel, and subsequently instructed the jury that they must disregard these statements of counsel, the misconduct of counsel was cured. But we cannot so hold. By statute (Section 7381, Comp. Laws), an accused party on trial "shall at his own request, but not otherwise be a competent witness, and his failure to make such request shall not create any presumption against him." This law, while intended to confer a benefit upon the accused, places him in a peculiar position. If he does make the request and takes the stand, his testimony will be subject to those tests on cross-examination that may prove embarrassing, and detract largely from its weight as evidence. If, on the other hand, his failure to take the stand in his own behalf can ever be called to the attention of

the jury, the provision intended for his benefit would prove a trap and a snare.    The theory that a court can remove from the minds of a jury the effect of a statement on the part of a state's attorney referring to the failure of the accused to testify in his own behalf, by an instruction, is illusory, and not sustained by common experience.    Jurors, however much they are inclined to do so, would find it difficult to efface from their minds the impression made by the remarks of counsel, and reinforced by the instruction of the court again calling to their minds the same fact, though given for the purpose of cautioning them from being influenced by counsel's remarks.    The only safe rule, therefore, when counsel for the state has so far overstepped his duties as to call to the attention of the jury the fact that the accused has not taken the stand, or offered himself as a witness, is to grant a new trial.    In Iowa this is made obligatory upon the court by statute, and the state's attorney is subject to prosecution for a misdemeanor, who in any manner calls such a matter to the attention of the jury.    State v. Baldoser, 88 Iowa 55, 55 N. W. 97.    In Minnesota the court as well as counsel, is prohibited from referring to the statute.    State v. Pearce, 56 Minn. 220, 57 N. W. 652, 1065.    In Long v. State, 56 Ind. 182, the supreme court of Indiana granted a new trial where counsel for the state said on the argument to the jury: "There were but two parties to this transaction.    You have heard the evidence of one of them.    We would have been pleased to have heard from the other, to see what light he could have thrown upon this transaction."    To the same effect is Hunt v. State (Tex. App.) 12 S. W. 737.    While the language of the statutes of the several states is somewhat different, the principles involved and the object and purpose of the law

are the same: and in our view the only practical way to remedy the misconduct of the state's attorney in this case is to grant a new trial. We use the term "misconduct" in its legal sense, as we are satisfied the learned state's attorney intended no wrong, but in his zeal to protect the interests of the state, he went beyond his legal duty and legal right. Lindsay v. Pettigrew, 3 S. D. 199, 52 N. W. 873.

· The other questions discussed may not arise in another trial, and will not therefore be considered. The judgment of the court below is reversed, and a new trial is ordered.