## STATE v. BENNETT.

Rev. Code Cr. Proc. § 361, provides that in a criminal prosecution the failure of accused to testify shall not create any presumption against him. **Held,** that it was error for the state's attorney in discussing the advisability of holding a night session of the trial to state to the court in the presence of the jury that the defendant had not yet testified.

Where a state's attorney erroneously referred to defendant's not having become a witness in his own behalf during the course of the trial, the error was not cured by the attorney's withdrawal or the remark.

(Opinion filed, August 29, 1907.)

Error to Circuit Court, Sully County.    Hon. LYMAN T. BOUCHER, Judge.

Fred Bennett was convicted of malicious mischief, and he brings error. Reversed, and new trial ordered.

*D. W. March* and *Thomas H. Null,* for plaintiff in error. *S. W. Clark, Atty. Gen., A. C. Byrum, State's Atty.,* and *H. R. Horner,* for the State.

CORSON, J. Upon an information duly filed by the state's attorney of Sully county, the plaintiff in error, Fred Bennett, and one Freddie Bennett, were accused of the crime of malicious mischief, and the plaintiff in error, whom we shall hereafter denominate the "defendant," was found guilty and the other defendant was found not guilty. Numerous errors were assigned and discussed by counsel, but, in the view we take of the case, it will only be necessary to consider two of those assigned, viz., that the assistant counsel for the state called the attention of the court in the presence of the jury to the fact that the two defendants had not testified in their own behalf; and the omission of the court to charge the jury that such statement should not be regarded by them in considering their verdict.

It is disclosed by the record that, in a conversation with the court in regard to holding an evening session for the purpose of completing this case, the assistant state's attorney, in the presence of the jury, made the following remark: "The two defendants have not gone on the stand yet"—to which the counsel for defendants took exception, which exception was duly allowed by the court. The assistant counsel then stated: "The state withdraws

any remark that has been made as to the two defendants not having gone on the stand yet." It is contended by the defendant that the remarks by the assistant state's attorney made to the court, in the presence of the jury, distinctly brought to the attention of the jury the fact that the defendants had the right to testify in their own behalf and that they had not done so; that such remarks were calculated to prejudice the minds of the jury against the defendant, and was clearly within the rule as laid down in the cases of State v. Williams, 11 S. D. 64, 75 N. W. 815, and State v. Garrington, 11 S. D. 178, 76 N. W. 326, that the fact that the statement was made to the court in the presence of the jury, and not to the jury in the course of the argument, did not constitute any exception to the rule as established in those two cases; and that by reason of these remarks of counsel the defendant is entitled to a new trial. We are inclined to take the view that defendant is right in his contention. The object and purpose of the provisions of section 361 of our Revised Code of Criminal Procedure was to confer upon a defendant the privilege to testify in his own behalf upon his own request, and that the failure to make such a request should not create any presumption against him. In the cases of State v. Williams, supra, and State v. Garrington, supra, this court held that the attention of the jury must not be called to the fact that the defendant had failed to testify as a witness in his own behalf, and that, where such a statement was made to the jury by counsel for the state, the defendant was entitled to a new trial, as such a statement was calculated to prejudice the jury against the defendant by permitting them to take into consideration in finding their verdict the fact that the defendant, though competent as a witness in his own behalf, had failed to take advantage of the privilege accorded to him by the provisions of the section referred to. The contention of counsel for defendant that the fact in the case that the statement was made to the court in the presence of the jury, and not to the jury during the argument of the case, is as much in violation of the provisions of the Code as though made in the argument to the jury, seems to us to be correct. The fact that defendants could testify in their own behalf by this statement to the court in the presence of the jury was

as fully called to their attention as though made directly to them in argument, and there is no warrant for the distinction contended for by the attorney general that the statement was made to the court, and not to the jury directly.

In the case of Wilson v. United States, 149 U. S. 60, 13 Sup. Ct. 765, 37 L. Ed. 650, the Supreme Court of the United States, speaking by Mr. Justice Field, in discussing a similar question, says: "The act of Congress permitting the defendant in a criminal action to appear as a witness in his own behalf upon his request declares, as it will be seen, that his failure to request to be a witness in the case shall not create any presumption against him. To prevent such presumption being created, comment, especially hostile comment, upon such failure, must necessarily be excluded from the jury. The minds of the jurors can only remain unaffected form this circumstance by excluding all reference to it. At common law no one accused of crime could be compelled to give evidence in a prosecution against himself, nor was he permitted to testify in his own behalf. The accused might rely upon the presumption of the law that he was innocent of the charge, and leave the government to establish his guilt in the best way it could. This rule, while affording great protection to the accused against unfounded accusation, in many cases deprived him from explaining circumstances tending to create conclusions of his guilt which he could readily have removed if permitted to testify. To relieve him from this embarrassment the law was passed. In mercy to him, he is by the act in question permitted upon his request to testify in his own behalf in the case. In a vast number of instances, the innocence of the defendant of the charge with which he was confronted has been established. But the act was framed with a due regard, also, to those who might prefer to rely upon the presumption of innocence which the law gives to every one, and not wish to be witnesses. It is not every one who can safely venture on the witness stand, though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove prejudice against him.

It is not every one, however honest, who would therefore willingly be placed on the witness stand. The statute, in tenderness to the weakness of those who from the causes mentioned might refuse to ask to be a witness, particularly when they may have been in some degree compromised by their association with others, declares that the failure of the defendant in a criminal action to request to be a witness shall not create any presumption against * * * This view of the effect of the objections taken to the course of the district attorney, and to the failure of the court to properly condemn it, renders it unnecessary to consider any other alleged errors. The judgment must be reversed and the cause remanded with directions to award a new trial; and it is so ordered." It may be proper to remark that the section of the United States law referred to by Mr. Justice Field in the above opinion, found in Act March 16, 1878, c. 37, 20 Stat. 30 [U. S. Comp. St. 1901, P. 660], is substantially the same as section 361 of our Revised Code of Criminal Procedure above referred to, and the concluding portion thereof, "and his failure to make such request shall not create any presumption against him," is identically the same as the concluding portion of our own Code. That there is really no distinction between remarks of counsel for the state made to the court in the presence of the jury and remarks made by counsel to the jury in his argument is fully sustained in the analogous case of State v. Ryan, 70 Iowa, 154, 30 N. .W 397, decided by the Supreme Court of Iowa. In that case the court, in discussing a similar question, says: "The Attorney General insists that the statute should be so construed as to apply to a case where the attention of the jury is directly called to such a fact, or that such a direct reference thereto is made as in all probability would create a prejudice in the minds of the persons composing the jury. It seems to us that, if such had been the legislative thought, apt words would have been used to express it. If reference can be made to the fact that the defendant has not testified in his own behalf in arguments to the court, then such a reference may be made in every case, and thereby the statute will be nullified. It is clearly implied, if not expressly stated in the statute that the attention of either the court or jury shall not be called to the fact that the

defendant has failed to testify in his own behalf; and, if the attorney for the state does so, the defendant is entitled to a new trial." It is true that the provisions of the Iowa Code are more specific than the provisions of our own Code, but the object to be attained by the two sections is practically the same. As was pertinently said by the Supreme Court of Iowa: "If reference can be made to the fact that the defendant has not testified in his own behalf in arguments to the court, then such a reference may be made in every case, and thereby the statute will be nullified." As the other questions presented by the errors assigned may not arise on another trial, we do not deem it necessary to express any opinion upon them at this time.

The judgment is reversed, and a new trial ordered.

FULLER, P. J., taking no part in this decision.