## STATE v. JONES.

Under the statute providing that the failure of the accused to testify shall not create any presumption against him, a conviction will be reversed where in a case in which the accused did not testify the state's attorney stated to the jury that certain testimony, "has not been denied by the defendant."

(Opinion filed, November 11, 1907.)

Error to Circuit Court, Beadle County. Hon. FRANK B. SMITH, Judge.

Howard A. Jones was convicted of embezzlement, and he brings error. Reversed, and a new trial ordered.

G. A. Kelley and James Byrnes, for plaintiff in error. S. W. Clark, Atty. Gen., A. W. Wilmarth, State's Atty., for the State.

FULLER, P. J. Plaintiff in error was tried and found guilty of the crime of embezzlement as alleged in a valid indictment returned by a legally constituted grand jury of Beadle county. It was charged therein, and the evidence properly introduced at the trial tended to show, that as the authorized agent of the John Gund

Brewing Company for the collection of its bills due and payable he received a certain check for $76.80 belonging to his corporate employer, which in violation of his trust he deposited to his own credit in the First National Bank of Huron, and fraululently appropriated the proceeds thereof in the manner and under circumstances that constitute the crime of embezzlement as defined by section 622 of the Revised Penal Code.

As the accused did not avail himself of the statutory privilege to become a witness at the trial the deputy state's attorney in making the opening argument in behalf of the prosecution stated to the jury, at the conclusion of all the evidence, that "Mr. Miller testified that this check was deposited to the credit of the personal account of Howard A. Jones in the First National Bank, and it has not been denied by the defendant." Now, the statute giving any person charged with the commission of a public offense the right to testify at his own request, but not otherwise, expressly provides that his failure to make such request shall not create any presumption against him, and it has. been uniformly held reversible error for the prosecution, or even the court, to call the attention of the jury in any manner to the fact that the accused has not testified. State v. Williams, 11 S. D. 64, 75 N. W. 815; State v. Garrington, 11 S. D. 178, 76 N. W. 326; State v. Bennett, 21 S. D. 396, 113 N. W. 78. By the use of a direct and well-phrased statement opportunely uttered, and relating to the failure of the accused to take the stand and deny the act relied upon for his conviction, the personal privilege to stand on the legal presumption of innocence was invaded, and the jury prejudiced to an extent that requires the granting of a new trial for the reasons elucidated in the above cited decisions of this court.

Being convinced that the objections relating to the grand jury and the legal sufficiency of the indictment are not available, and that we have noticed the only reversible error of law likely to arise on a retrial, it is needless to discuss other points urged in the brief of counsel for the accused.

The judgment of the circuit court is reversed, and a new trial ordered.