STATE, Respondent, v. LINDIC, Appellant.

(215 N. W. 495.)

(File No. 6133.   Opinion filed October 11, 1927.)

**Criminal Law—Argument of Prosecuting Attorney that Defendant Had Not Introduced Any Evidence Held Reversible Error, Notwithstanding Court's Admonition (Rev. Code 1919, § 4879).**

Under Rev. Code 1919, § 4879, prior to its amendment by Laws 1927, c. 93, it was reversible error for prosecuting attorney during argument to state that all evidence was introduced by the state and that defendant had not introduced any evidence, notwithstanding court's admonition to jury that defendant's failure to introduce evidence was not to be considered against him.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Criminal law, Key-No. 721½ (1), 17 C. J. Sec. 3639.

Appeal from Circuit Court, Meade County; Hon. JAMES McNENNY, Judge.

John Lindic was convicted of a misdemeanor, and he appeals. Reversed, and remanded for new trial.

*Harry P. Atwater,* of Sturgis, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

CAMPBELL, P. J.   Defendant was convicted of a misdemeanor at the May, 1925, term of the circuit court in Meade county, S. D., and, from the judgment entered upon such conviction and an order denying his motion for new trial, the defendant has appealed.

It appears from the record that the prosecuting attorney, during his argument to the jury upon the trial of the cause, said, in substance:

"All the evidence that has been introduced here has been introduced on the part of the state. The defendant has not introduced any evidence."

To these remarks of the prosecuting attorney the appellant's counsel promptly excepted, whereupon the learned trial judge admonished the jury as follows:

"The defendant is not required, gentlemen, to introduce any evidence at all, and the fact that he has not introduced any evidence shall not be considered against him. The burden is upon the state to establish his guilt; and, furthermore, neither the state's attorney nor the court has any right to comment on the failure of the defendant to introduce evidence."

Section 4897, Revised Code 1919, reads as follows:

"In the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of any crime, before any court or committing magistrate, the person charged shall, at his own request but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him."

This section of our statutes had its origin in chapter 16, Laws of Dakota 1879, and has continued without substantial change until the amendment thereof by chapter 93, Laws 1927, effective July 1, 1927, reading as follows:

"In the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of any crime, before any court or committing magistrate, the person charged shall, at his own request, but not otherwise, be a competent witness, and his failure to testify in his own behalf, is hereby declared to be a proper subject of comment by the prosecuting attorney; provided, however, that if such comment is made by the prosecuting attorney in his closing argument, without any previous reference thereto having been made in argument either on behalf of the state or the defendant, the attorney for the defendant may thereafter, if he so request the court, argue upon such comment for such time as the court shall fix."

Under the provisions of section 4879, R. C. 1919, prior to its amendment by chapter 93, Laws 1927, it has been the well settled and established law of this state that it constituted reversible error in a criminal case for the prosecuting attorney to bring to the at-

tention of the jury in his argument the failure of defendant to testify, regardless of any subsequent admonition on the part of the court. The law of this jurisdiction was well stated in an able opinion by Corson, P. J., in the case of State v. Williams, 11 S. D. 64, 75 N. W. 815, in the following language:

"That these remarks by the state's attorney were highly improper, and constituted misconduct in the trial, there can be no doubt; but the state contends that, as no objection was made and exception taken until the last remark, and the court having promptly cautioned the jury, and reprimanded counsel, and subsequently instructed the jury that they must disregard these statements of counsel, the misconduct of counsel was cured. But we cannot so hold. By statute (section 7381, Comp. Laws [now section 4879, Rev. Code 1919]), an accused party on trial 'shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him.' This law, while intended to confer a benefit upon the accused, places him in a peculiar position. If he does make the request and takes the stand, his testimony will be subject to those tests on cross-examination that may prove embarrassing, and detract largely from its weight as evidence. If, on the other hand, his failure to take the stand in his own behalf can ever be called to the attention of the jury, the provision intended for his benefit would prove a trap and a snare. The theory that a court can remove from the minds of a jury the effect of a statement on the part of a state's attorney referring to the failure of the accused to testify in his own behalf, by an instruction, is illusory, and not sustained by common experience. Jurors, however much they are inclined to do so, would find it difficult to efface from their minds the impression made by the remarks of counsel, and reinforced by the instruction of the court again calling to their minds the same fact, though given for the purpose of cautioning them from being influenced by counsel's remarks. The only safe rule, therefore, when counsel for the state has so far overstepped his duties as to call to the attention of the jury the fact that the accused has not taken the stand, or offered himself as a witness, is to grant a new trial. In Iowa this is made obligatory upon the court by statute, and the state's attorney is subject to prosecution for misdemeanor, who in any manner calls such a matter to the attention of the jury.

State v. Baldoser, 88 Iowa 55, 55 N. W. 97. In Minnesota the court as well as counsel is prohibited from referring to the statute. State v. Pearce, 56 Minn. 220, 57 N. W. 625, 1065. In Long v. State, 56 Ind. 182, the Supreme Court of Indiana granted a new trial where counsel for the state said on the argument to the jury: 'There were but two parties to this transaction. You have heard the evidence of one of them. We would have been pleased to have heard from the other, to see what light he could have thrown upon this transaction.' To the same effect is Hunt v. State [28 Tex. App. 149] 12 S. W. 737 [19 Am. St. Rep. 815]. While the language of the statutes of the several states is somewhat different, the principles involved and the object and purpose of the law are the same; and in our view the only practical way to remedy the misconduct of the state's attorney in this case is to grant a new trial. We use the term 'misconduct' in its legal sense, as we are satisfied the learned state's attorney intended no wrong, but, in his zeal to protect the interests of the state, he went beyond his legal duty and legal right. Lindsay v. Pettigrew, 3 S. D. 199, 52 N. W. 873."

The substance of the rule thus laid down has been frequently affirmed and reiterated by this court, and must be accepted as the established law in this state prior to the statutory change in 1927. See State v. Garrington, 11 S. D. 178, 76 N. W. 326; State v. Bennett, 21 S. D. 396, 113 N. W. 78; State v. Jones, 21 S. D. 469, 113 N. W. 716; State v. Carlisle, 28 S. D. 169, 132 N. W. 686, Ann. Cas. 1914B, 395; State v. Knapp, 33 S. D. 177, 144 N. W. 921; State v. Sonneschein, 37 S. D. 585, 159 N. W. 101; State v. Vroman, 45 S. D. 465, 188 N. W. 746; State v. Wimpsett, 46 S. D. 6, 189 N. W. 983.

We see no escape from the conclusion that reversible error was committed as a matter of law. The Attorney General, recognizing the situation, has filed no brief herein, but very properly has filed a confession of error, acknowledging the commission of reversible error upon the trial, and consenting that the judgment appealed from be reversed and the case remanded for a new trial. It is so ordered.

POLLEY and BURCH, JJ., concur.

GATES and SHERWOOD, JJ., not sitting.