STATE, Respondent, v. LEIGHTON, Appellant.

(223 N. W. 337.)

(File No. 6163.   Opinion filed February 2, 1929.)

*Donald Fellows,* of Mitchell, and *Harold Dean Brown,* of Plankinton, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

POLLEY, J. Defendant was convicted of the crime of adultery, committed with one Rosabelle Ritteg, wife of the complaining witness.

The offense is alleged to have been committed in the town of White Lake on the 10th day of April, 1925, where defendant and Mrs. Ritteg were found together in a bedroom in a hotel at about 11 o'clock at night, and under circumstances that convinced the jury that they were guilty of the offense charged.

A considerable number of appellant's assignments are predicated upon the ruling of the trial court on cross-examination of one of defendant's witnesses. The prosecution was permitted to show by cross-examination of this witness that between the time

of the commission of the offense charged, and the trial of the case, he had taken an auto tour through the Yellowstone Park with another man's wife; that he probably traveled under an assumed name, and represented the woman traveling with him as his wife; that in fact he was then recently guilty of an offense similar to the offense for which defendant was being tried. Under the circumstances shown by the record in the case, it was within the discretion of the trial court to permit these facts to be shown on cross-examination.

■ Error is predicated upon the giving of certain instructions to the jury. The court charged the jury that they might take into consideration any evidence tending to show an amorous or adulterous disposition on the part of the accused and on the part of the person with whom it is alleged he committed the crime charged; that they might take into consideration any evidence tending to show such inclination or disposition either before or shortly after the time when the crime charged is alleged to have been committed.

It is contended by defendant that in giving this instruction the court assumed that the evidence relating to the association of these parties tended to show such disposition.

We fail to find any ground for this criticism of this instruction. It refers to the evidence that had been received, but without indicating what such evidence tended to prove. The jury was left free to decide whether any of the evidence tended to show adulterous or amorous disposition.

■ At the request of defendant the court gave instruction No. 17A as follows: "To warrant a conviction for crime on circumstantial evidence alone, the circumstances taken together should be of a conclusive nature, and leading on the whole to a satisfactory conclusion, and pointing to a moral certainty that the accused committed the offense charged; and it is invariably the rule of law that, to warrant a conviction upon circumstantial evidence alone, such facts and circumstances must be shown as are consistent with each other, and consistent with the guilt of the party charged, and such as cannot by any reasonable theory be true and the party charged be innocent, and in this case, if all the facts and circumstances relied upon by the state to secure a conviction can be reasonably accounted for upon any theory consistent with the innocence of the defendant, then the jury should acquit the defendant."

The court then proceeded on its own motion to give instruction No. 17, as follows: "It is not necessary that the proof should be conclusive, but it is sufficient if the jury believes from all the facts and circumstances of the case that the accused is guilty, and that they have no reasonable doubt in their minds of this fact. * * *" It is contended by defendant that, after charging the jury in instruction No. 17A that the circumstances must be of a conclusive nature, it was confusing to the jury to tell them in instruction No. 17 that the proof need not be conclusive. The use of the word "conclusive" in instruction No. 17 was unfortunate; but we do not think it misled or confused the jury. Taking the two instructions together, what the court said to the jury was that, while the circumstances must be of a conclusive nature, it was not necessary that the proof must prove the offense to an absolute certainty, but that if it proved the offense beyond a reasonable doubt the law was satisfied.

During the state's attorney's closing argument to the jury he made the following statement to the jury: "Counsel for the defense in his argument has stated that under the evidence in this case the defendant should have been tried in Kingsbury County and that Aurora County should not have been subjected to the enormous expense occasioned by this trial, but I wish to say to you that no one is going to be permitted to come into this county and commit adultery and get away with it because of the expense that would be occasioned by the trial."

"Aurora County juries are too much in the habit of turning criminals loose. I suppose I can say that in view of the lax enforcement of the liquor laws by Aurora County juries in the past."

The making of the above statement is assigned as misconduct on the part of the state's attorney. It seems to us that these remarks were provoked wholly by what was said by defendant's counsel. The fact that defendant and Mrs. Ritteg had been guilty of adultery in Kingsbury county—and the evidence in the record leaves no doubt that they had been—was no reason why they should not be prosecuted in Aurora county if the evidence warranted a prosecution in that county. The remark made by defendant's counsel could have been made for no other purpose than to prejudice the jury by the insinuation that their county was being put to the expense of carrying on a prosecution that should have taken place

in some other county. We do not think that defendant has any reason to complain of the conduct of the state's attorney in this particular matter.

We have examined the evidence in this record, and are satisfied that the defendant had a fair trial, and that the evidence is abundantly sufficient to support the verdict.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and BURCH and CAMPBELL, JJ., concur.

BROWN, J., absent and not participating.