STATE, Respondent v. BROWN, Appellant

(132 N.W.2d 840)

(File No. 10152. Opinion filed January 28, 1965)

Rehearing denied February 5, 1965

**Franklin J. Wallahan, Henderson & Wallahan,** Rapid City, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Robert A. Miller,** Asst. Atty. Gen., Pierre, **David Sieler,** State's Atty., **Robert Varilek,** and **Thomas Ranney,** Deputy State's Attys., Rapid City, for plaintiff and respondent.

BIEGELMEIER, J. Defendant pled not guilty to an information charging him with second degree rape of a fourteen-year-old Indian girl. The jury found him guilty of an attempt to commit rape and he appeals from the sentence thereon.

Defendant's argument is directed to ten points. That the evidence is sufficient to support the verdict as to the commission of the offense by defendant and that it occurred within the geographic confines of the county is so apparent, no resume is made thereof. Defendant challenges the evidence as to the location, which was similar to that in State of South Dakota v. Hemmenway, 80 S.D. 153, 120 N.W.2d 561 and asks it be further considered. We remain in accord with that opinion.

Defendant complains of remarks, hereafter noted, made by a deputy state's attorney in his closing argument to the jury. It is his claim it violated Art. VI, § 9 of the South Dakota Constitution. Such of the evidence and record as may be necessary to determine this contention will be stated.

The evidence showed prosecutrix was grabbed at night by two men and pushed down an alley into a car owned by defendant which was driven to a place on a dirt road at the outskirts of Rapid City, South Dakota. Seven men were in the car, two were Indians and others referred to as colored men stationed at Ellsworth Air Force Base nearby. She knew two of the persons,

but had never seen defendant or the other men before. She was crying and when she asked one of the men to help her he turned his head. When the car stopped, one of them said who is going to be first and all but one left the car. After he had intercourse with her, defendant got in the car and, though she tried to get away by jumping from one seat to another and pushing him away, had intercourse with her. When another airman started to get into the car she threw herself out the door and started to run. Others tried to knock her on the ground, but she fought them and ran to a house she saw some distance away, followed by one or two of the men. The others returned in defendant's car to the air base where they were stationed. They were Brown, Barrett, Wynn, Robinson and Reuben. The sheriff was called and the girl taken to a hospital. A few days later, she identified defendant in a line-up at the air base.

The state's evidence came from four witnesses: prosecutrix, the sheriff, a gynecologist and one of the men in the car, Herman Barrett. Barrett had been charged with a criminal offense in connection with this affair and was represented by counsel. Upon being sworn as a witness, he refused to answer any questions on the ground it might tend to incriminate him. On request of the state, the court advised him of his duty to testify, that such testimony could not be used against him nor could he be prosecuted for the offense to which such testimony was so given. See SDC 1960 Supp. 34.2406. He then testified generally in accord with prosecutrix's version placing defendant in the car, alone with her and defendant's admission of intercourse. No evidence was introduced on defendant's behalf. The record indicates defendant was represented by diligent and aggressive counsel; the trial was sharply contested and the transcript is replete with objections, motions and taking of evidence out of the jury's presence to obtain rulings, etc.

Because prosecutrix had testified the person she had intercourse with was the driver of the car, defendant's counsel after stating defendant didn't deny prosecutrix had intercourse with the first person she named said:

"There is no question in our minds about that. But did she have intercourse with another person, and, if so, was it with this defendant, or was it with the driver of the car, who, undisputedly, was a man by the name of Reginald Wynn, who the State has not seen fit to call as a witness in this case"

and again stated:

"Now, when you have an inconsistency in material testimony, and in view of the fact that the State has not seen fit to call other persons that were occupants of this car to identify the driver, I submit to you there is a reasonable doubt."

A deputy state's attorney in his closing argument said:

"And Mr. Wallahan has also made some point—I don't know what you would classify it as—in so far as what the State didn't do or what the sheriff's office didn't do or what perhaps Mr. Ranney or I didn't do. Well, basically speaking, there are three ways to try a criminal case; one is that if the facts are against you, you try it on the law; the other way is that if the facts—or excuse me—if the law is against you, you try it on the facts, and, then, there is a third way, if the facts and the law are both against you, then you try the sheriff's department, the state's attorney's office and the State of South Dakota. Now, that, I am sure you can see, is approximately what is happening here, and **I feel also that I should tell you, in all fairness, that should Mr. Wallahan, or had he wanted to, could have called any witness—any witness he wants to, to this stand, if he felt it would help his case.** We have no compulsion over any of them."

Defendant's objection was to that part emphasized above.

■ It is the settled law of this state that it is reversible error for the prosecution to call to the attention of the jury the failure of defendant to testify. State of South Dakota v. Williams, 11 S.D. 64, 75 N.W. 815; State of South Dakota v. Lindic, 51 S.D. 516, 215 N.W. 495. While the court in the Williams and Lindic

opinions refers to the error as being violative of the code section then in force, § 7381, Comp. Laws and § 4879, 1919 Revised Code, Judge Smith speaking for the court in State of South Dakota v. Vroman, 45 S.D. 465, 188 N.W. 746, states such comment is an invasion of defendant's constitutional rights under Art. VI, § 9. In State of South Dakota v. Wolfe, 64 S.D. 178, 266 N.W. 116, 104 A.L.R. 464, it was held the legislature could not abrogate this constitutional right of defendant by a statute permitting such comment.

In State of South Dakota v. Landers, 21 S.D. 606, 114 N.W. 717, defendant's confession tending to connect him with the crime was admitted in evidence. He did not testify at the trial. The state's attorney's argument that defendant had made his own confession and it is not disputed without mentioning accused was held insufficient to bring the case within the rule that failure of the accused to go on the stand must not be alluded to in the presence of the jury.

 Comment on the failure of the accused to testify is different from comment on his failure to produce evidence in his defense, when it appears within his power to do so. State of South Dakota v. Knapp, 33 S.D. 177, 144 N.W. 921. It is a matter which the prosecutor must approach with caution and if he oversteps the line as to call attention of the jury that accused has not taken the stand or offered himself as a witness, the court should grant a new trial. State of South Dakota v. Williams, supra.

State of South Dakota v. Knapp, supra, was a case in which the remarks were claimed prejudicial to this right of defendant. The prosecutor asked the jury "Does he deny ever having forced his presence upon her?" It was claimed they referred to his failure to take the stand as a witness. The court said it must have been understood as meaning defendant when accused of improper conduct with the girl failed to deny the acts the witness charged him with and wrote:

"But, if the evidence before the jury disclosed the existence of witnesses or evidence which the accused might have produced in his defense, the statute does not forbid comment upon the fact that the accused has failed

to produce such witnesses or evidence. * * Where no direct allusion is made to the fact, but the error rests in an alleged intent to accomplish such purpose by indirection, each case must be considered upon its own particular facts."

■ ■ Here the prosecution was faced with a situation where a young girl had been forced into a car with seven men and driven out into the country and after the commission of the crime, the airmen drove away together to the air base. It appeared all the men were involved in a common interest and concern; some had criminal charges pending against them and naturally were not friendly to the prosecution. Defendant had a right to subpoena any or all of them if their evidence was helpful to him, subject to their right to refuse to testify. Commonwealth v. Noxon, 319 Mass. 495, 66 N.E.2d 814. The state had a choice to make, that is, to refrain from calling any of those present and relying on other evidence or calling one or more of them, thus acquiring the evidence and their resultant immunity from prosecution. This was done as to Barrett, a reluctant witness. His testimony was subject to severe cross-examination and criticism in the oral argument by defendant's counsel based on his release from the criminal charges against him. The result was criticism because the state called Barrett and also did not call Wynn and the other occupants of the car. This would include defendant as his counsel stated "there is no dispute that she was out in the country with these fellows." The argument of the deputy state's attorney under these circumstances was not a reference to the failure of defendant to testify, but the failure of his counsel to call the other witnesses available to him. State of South Dakota v. Knapp, supra. Cf. Commonwealth v. Noxon, supra; State of South Carolina v. Shackelford, 228 S.C. 9, 88 S.E.2d 778; Lake v. Commonwealth, Ky., 104 S.W. 1003, cited with approval in Anderson v. Commonwealth, Ky., 353 S.W.2d 381 at 386; Pierce v. State of Oklahoma, 96 Okl.Cr.R. 276, 253 P.2d 194; Shelton v. State of Texas, 150 Tex.Cr.R. 368, 200 S.W.2d 1004 and Spencer v. State of Texas, 154 Tex.Cr.R. 427, 227 S.W.2d 552.

■ A further reason the remarks cannot be relied on to obtain a reversal is they were invited or provoked by counsel for the defendant. State of South Dakota v. Whitman, 52 S.D. 91, 216 N. W. 858; State of South Dakota v. Albers, 52 S.D. 582, 219 N.W. 263; State of South Dakota v. Leighton, 54 S.D. 417, 223 N.W. 337. In the Whitman opinion, it was stated "no one can take advantage of error or misconduct which he has invited." This seems to be the general rule and in addition to the cases cited in our opinions above, it was applied in the recent opinions of State of Arizona v. Evans, 88 Ariz. 364, 356 P.2d 1106 and People v. Smith, 24 Ill.2d 198, 181 N.E.2d 77. See also 23A C.J.S. Criminal Law § 1108.

As he was entering the courthouse one morning during the trial, a juror asked a deputy state's attorney if he had tried out a new shotgun he had won and another juror mentioned a sale of a car he had in storage at which time defendant's counsel walked in. A record was made of these conversations and defendant moved for a mistrial, claiming it misconduct. Defense counsel said—"I am not suggesting that Mr. Varilek, in any way, talked improperly to the jurors, but the fact that he talked to the jurors, after they had been sworn to try this case, gives him an opportunity to become more acquainted with the jurors than would the attorney for the defense."

This court in State of South Dakota v. Ferguson, 48 S.D. 346, 204 N.W. 652, quoting from another opinion, wrote, "Too much care and precaution cannot be used to preserve the purity of jury trials. * * * We cannot be too strict in guarding trials by jury from improper influences." The court had under review and the opinion must be read as involving entertainment of the jury one evening on the private grounds of one of the counsel for the state. The court said this was identical with being furnished food or other articles of enjoyment or refreshment, so as to make them feel under obligation to him.

■ As said in Ferguson, counsel must not only avoid evil, but the appearance of evil, if possible. Mindful of the fact that jurors often know and are sometimes prone to engage in conversation with a prosecuting attorney, we agree with the trial

judge that it was a casual conversation initiated by the jurors involved and could not have prejudiced defendant. State of South Dakota v. Williams, 11 S.D. 64, 75 N.W. 815. The trial court is in a much better position to determine whether the claimed misconduct influenced the jury in its verdict and having refused a new trial, we are not justified in reversing such decision. State of South Dakota v. Bailly, 29 S.D. 588, 137 N.W. 352.

■ To be free from criticism and yet not offend jurors, counsel should advise them the court rules do not permit him to converse with them during a trial. While not cited we remind counsel of the last sentence of Section 23 of Rules of Professional Conduct: "A lawyer must never converse privately with jurors about the case; and both before and during the trial he should avoid communicating with them, even as to matters foreign to the cause."

Other claimed errors are without merit.

Affirmed.

All the Judges concur.