### BEACH *v.* UNITED STATES.

*(Circuit Court, N. D. California.* June 9, 1890.)

CRIMINAL LAW—REFUSAL OF WITNESS TO TESTIFY—MISCONDUCT OF COUNSEL.

     Where a witness called by the government refuses to answer certain questions on the ground that the answers may tend to criminate him, it is reversible error for the court to charge the jury that such refusal is a circumstance from which it might be argued that the object of the witness was to shield the defendant rather than himself, and to allow the district attorney to argue that such refusal was a circumstance to be considered by the jury in making up their verdict.

On Writ of Error from District Court.

S. M. *Buck* and A. P. *Van Duzer,* for plaintiff in error.

*John* T. *Carey,* for the United States.

Before FIELD, Justice, and SAWYER, Circuit Judge.

FIELD, Justice. We are clear that the court below erred in allowing the district attorney to argue to the jury that the refusal of Marks to answer certain questions on the ground that his answers might criminate himself, was a circumstance to be considered by them in making up their verdict; that they had a right to consider whether it was not his real object to protect the defendant, and not himself; and that, "if he was thus particular to protect the defendant," it must have been from a knowledge that his answers might criminate, not himself, but the defendant. It was also error in the court, while stating generally to the jury that the refusal of Marks to answer could not be considered as evidence against the defendant, to accompany the statement with the charge that it was a fact in the case from which the district attorney had a right to argue that the refusal was not to save himself, but to save the defendant; that he had a right to argue from the character of the questions put, and the persistent refusals of the witness to answer any of them, and from the fact that it was not apparent to any one how the answers to the questions, or to some of them, could criminate him, "that his real object was

to protect Mr. Beach, and not himself; and that, when he was so particular to protect Mr. Beach, it must have been from the knowledge that his answers might criminate him;" that this was a question of inference and argument; and that the inference to be drawn from it, and how important it was in determining the main issue in the case, was for the jury to decide. The refusal of the witness to answer the questions, if he thought his answers would criminate himself, was his constitutional right, which the defendant could not control, and no inference should have been permitted to be drawn against the defendant because of the assertion by the witness of this right to protect himself. Marks was called by the government. If he had testified, his testimony might have been in favor of the defendant, though criminating himself. It might have entirely exonerated the defendant. To infer that the very opposite would have been or might have been the effect of his testimony, had it been given, was unwarranted. The intimation even that any such inference was justifiable, as plainly is to be drawn from the charge of the court, and its permission to allow the district attorney to argue to that effect to the jury, was calculated to work injustice to the defendant, and to lead the jury to yield to suggestions and suppositions rather than to the actual evidence in the case. It would, indeed, be strange doctrine that any one could be found guilty, or even that his guilt could be seriously debated, because another party, called as a witness, who had no relations and was not a conspirator with him, or charged in the same indictment, had refused to testify in order to protect himself. There is neither reason nor authority for any such doctrine. For these errors the judgment must be reversed, and the cause remanded for a new trial.