STATE, Respondent v. McBRIDE, Appellant

(226 N.W.2d 175)

(File No. 11358. Opinion filed February 21, 1975)
Order denying petition for rehearing April 2, 1975

Frederic R. Moulton, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Kermit A. Sande, Atty. Gen., Pierre, Leonard E. Andera, State's Atty., Brule County, on the brief.

James F. Margadant, Fort Thompson, for defendant and appellant.

DOYLE, Justice

The defendant, Roland R. (Ronnie) McBride, was convicted by a jury of forgery in the third degree. He was sentenced to serve 18 months in the South Dakota State Penitentiary, which sentence was suspended.

On January 23, 1973, a gas station attendant in Chamberlain, South Dakota, cashed a forged check in the amount of $30 for a person he later identified as defendant Roland McBride. The attendant was alone in the station at the time, and he testified that he could not be sure whether or not the check was endorsed in his presence but he thought that it had not been so endorsed. He identified the person in court who had presented the check and pointed to the defendant.

The defendant, and his younger brother, George McBride, were in Chamberlain, South Dakota, on January 23, 1973. They had hitchhiked from Pierre, South Dakota to Chamberlain, South Dakota, where they spent three days at their cousin's home. Originally, they had intended to travel by bus from Chamberlain to Sioux Falls, South Dakota, which was their final destination. However, after three days in Chamberlain they had exhausted the funds intended for bus fare. On the third day the defendant

was given money by his brother George to purchase bus tickets. George told the defendant he had obtained the money from a friend he had known in Plankinton. The defendant and his brother went to Sioux Falls by bus where the defendant was later arrested. The defendant in this appeal has consolidated his assignments of error into two questions:

"I

"WAS IT ERROR TO ALLOW THE PROSECU-TOR TO COMMENT DURING FINAL ARGUMENT ON THE REFUSAL OF A WITNESS TO ANSWER THOSE QUESTIONS WHICH MIGHT HAVE TEND-ED TO INCRIMINATE HIM? (Assignment of Error 1.)

"II

"WAS THE JURY'S VERDICT SUPPORTED BY SUBSTANTIAL AND SUFFICIENT EVIDENCE? (As-signments of Error IIIa and IIIb.)"

During the trial the defendant called as a witness in his behalf his brother George McBride. The defendant's attorney asked the witness:

"Q Did you take a check blank from Delores Walters' purse?

"A Yes; I did,"

whereupon the trial court adjourned to chambers, and in the presence of counsel for the state and the defendant advised George McBride of his statutory and constitutional rights and the possible consequences of his testimony. Additionally, the court offered to supply the witness with court-appointed counsel (he being indigent) if he so desired. The offer of counsel was refused by the witness. After being so advised, the witness then returned to the stand and exercised his Fifth Amendment rights in refusing

to answer any further questions by defense counsel dealing with the offense charged. [1]

The court with no objection on the part of the defendant gave Instruction No. 13, which reads:

"When a witness, other than the accused, declines to answer a question, basing his refusal on the constitutional privilege against self-incrimination, that refusal alone cannot be made the basis of any inference by you, either favorable to the prosecution or favorable to the defendant."

[1] "Q Mr. McBride, on the night that you stated you were at Medicine Crow's and Delores Walters was there, did you take a check blank from her purse?
"A I won't answer that question.
"Q Have you ever been in the possession of a check blank belonging to Delores Walters?
"A I won't answer that question.
"Q Have you ever signed Delores Walters' name to a check blank?
"A I do not wish to answer that question either.
"Q Have you cashed a check on Delores Walters' account at the Northside 66 station in Chamberlain on January 23, 1973?
"A I do not wish to answer that question.
"Q Did you attempt to cash a check on Delores Walters' account at Wait's Market in Chamberlain on January 23d of 1973?
"A I do not wish to answer that question.
"Q Did you purchase one half pint of gin and mixed kinds of beer and two bus tickets in Chamberlain, South Dakota, on January 23d of 1973?
"A I don't wish to answer that question either.
"Q Were you in the Northside 66 station in Chamberlain at any time on January 23, 1973?
"A I do not wish to answer that question. "MR. MARGADANT: May we approach the bench, Your Honor?
"THE COURT: Yes.
"(Counsel at the bench, out of the hearing of the jury.)
"Q Did you accompany your brother Ronnie back to Sioux Falls when you left Chamberlain?
"A I do not wish to answer that question. "MR. MARGADANT: No further questions.
"THE COURT: I think that question you could answer, Mr. McBride.
"A Yes; I did.
"MR. MARGADANT: No further questions.
"CROSS EXAMINATION BY MR. ANDERA:
"Q Mr. McBride, how old are you?
"A Seventeen.
"Q When is your birthday?
"A October 12th.
"MR. ANDERA: I have no further questions.
"MR. MARGADANT: No further examination."

The defendant in his first contention claims error occurred when the state's attorney made reference to the fact that the witness George McBride, called by the defendant, exercised his Fifth Amendment rights during the course of the trial, and the state's attorney made reference to that fact in his final argument.[2]

It has long been the settled law in South Dakota that comments on the failure of an accused to testify are constitutionally impermissible. State v. Bennett, 1907, 21 S.D. 396, 113 N.W. 78. For an excellent history in this connection see State v. Brown, 1965, 81 S.D. 195, 132 N.W.2d 840. In our opinion no constitutional issue is presented by the situation in this case. There is no infringement upon the defendant's constitutional right against self-incrimination in that the defendant waived such right by offering himself as a witness in his own behalf. The defendant on this claim of error relies primarily on Beach v. United States, 1890, C.C.N.D.Cal., 46 F. 754. In Beach, the prosecution called a witness who asserted his Fifth Amendment constitutional right against self-incrimination. In the closing argument, the district attorney argued that the witness' refusal to answer was a circumstance to be considered by the jury, and that it had a right to consider whether or not it was the witness' real object to protect the accused and not himself. Also, the court in Beach v. United States, supra, while stating generally to the jury that the refusal of the witness to answer could not be considered as evidence against the accused, went on to say that the district

---

2. "The defense placed two witnesses on the stand, George Edward McBride, a younger brother of the defendant. As you are well aware, Mr. McBride told us time and time again that he did not wish to answer the question.

"MR. MARGADANT: Your Honor, at this point I respectfully have to object to counsel's violation of the court's instructions in the matter of Mr. George McBride's testimony—

"MR. ANDERA: Your Honor, the instruction has been given and I think I am entitled to comment.

"MR. MARGADANT: I don't believe the law, Your Honor, reads that way.

THE COURT: Overruled. This is final argument. The jury has been properly instructed.

"MR. ANDERA: The point of course of this is that you are not entitled, that you are required not to draw any inference from George Edward McBride's refusal or declining to answer any questions put to him, either favorable to the state or favorable to the defendant in this matter. Those questions which he did answer, the two or three, you are entitled to consider for whatever they are worth."

attorney had a right to argue that the refusal was not to save himself but to save the accused. In the present case the court had already read the instruction (that the jury should draw no inference from the fact that the witness had refused to answer), plus the state's attorney again repeated the fact that the jury was to draw no inference from the witness' refusal or declining to answer any questions put to him favorable to the state or favorable to the defendant in this matter.

The district attorney's argument in Beach v. United States, supra, went much further than the present case, and so did the court's instruction. Therefore, we find Beach to be inapplicable.

We are of the opinion that, under all of the circumstances here presented, the statements made by the state's attorney in his final argument were proper comments and added no "critical weight" to the case against the defendant. Namet v. United States, 1963, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278.

Defendant's second contention is that the evidence is insufficient to sustain the verdict.

■ The defendant was identified as the person receiving money for a forged check. The defendant testified in his own behalf. To further review the evidence would serve no useful purpose. We have reviewed the evidence upon which the defendant's conviction was based, and the most favorable inferences which can fairly be drawn therefrom are that it was sufficient to sustain the verdict of conviction. State v. Geelan, 1963, 80 S.D. 135, 120 N.W.2d 533.

The defendant's conviction is affirmed.

DUNN, C. J., and WINANS and WOLLMAN, JJ., concur.

COLER, J., dissents.

COLER, Justice (dissenting).

Contrary to the majority opinion, I do believe that Beach v. United States, C.C.N.D.Cal., 46 F. 754, does apply here as supportive of the proposition stated at 24 A.L.R.2d 896:

"\* \* \* the general rule is that when a witness, other than the accused, declines to answer a question on the ground that his answer would tend to incriminate him, that refusal alone cannot be made the basis of any inference by the jury, either favorable to the prosecution or favorable to the defendant."

In the instant case a defense witness, the defendant's younger brother, seventeen years of age, was advised of his rights by the trial court as required of the court by SDCL 19-2-8 when early in direct examination he implicated himself in the criminal act alleged. The provisions of SDCL 19-2-8 safeguard the rights of a witness under the provisions of Art. VI, § 9 of the South Dakota Constitution. The provisions of this statute make available to a witness the basic rights assured a defendant under SDCL 23-2-14 and 23-44-1. These two laws, which together fully protect defendant's right to remain silent, have, as indicated by the numerous cases annotated thereunder, been construed to prohibit counsel from referring in any manner or at any time to defendant's refusal or failure to testify.

This appears to be a case of first impression in this state, but since it has come before this court I would reverse with direction to grant a new trial on the basis that the comment of the prosecuting attorney tended to draw inferences from the witness' refusal to answer. I would base this first upon the general rule stated above, 24 A.L.R.2d 896, wherein it is further stated that:

"The reason for the above rule is that, in declining to answer a question on the ground that the answer would tend to incriminate him, the witness is exercising a constitutional right personal to himself, the exercise of which should neither help nor harm a third person." See also A.B.A. Standards for Criminal Justice, Standards, Prosecution Function and the Defense Function, § 5.8(b).

It should also be noted that Instruction 13 referred to in the majority opinion was an adaptation of California Jury Instruction, Criminal 55 which is now California Jury Instruction, Criminal 2.25 which reads as follows:

> "When a witness refuses to testify as to any matter, basing his refusal on the constitutional privilege against self-incrimination, you are not to draw from that fact any inference as to the credibility of the witness or as to the guilt or innocence of the defendant."

The California legislature has qualified the application of the general rule by a 1965 enactment of their Evidence Code § 913 to require the instruction only when it is requested by the party adversely affected. If the instruction is to serve its purpose it should be treated with the same degree of care as applies where the defendant has refused or failed to testify.

The instruction having been given it became the law of the case binding on the court and counsel. SDCL 23-45-1 and annotations thereunder.